THE BUFFALO LOAN, TRUST AND SAFE DEPOSIT COMPANY, as Guardian, etc., Respondent, *v.* THE KNIGHTS TEMPLAR AND MASONIC MUTUAL AID ASSOCIATION, Appellant.

*Insurance — physician's certificate of death stating that assured died of delirium tremens, effect thereof — records of board of health as evidence of cause of death.*

In an action upon a policy of insurance, which provided that "upon due notice and satisfactory proof of the death of a member of the association the finance committee shall, within sixty days, pay," etc , it appeared that proof of death was furnished to the defendant, and in the certificate of the physician who attended him was the statement that the assured died from delirium tremens, which statement, if true, would have voided the policy.

*Held,* that as there was nothing in the contract of insurance which required that those representing the deceased should state, in their notice of death, its cause, the court upon the trial properly excluded that part of the physician's statement relating to the cause of death.

That the only duty which devolved upon the plaintiff was to prove death; that its cause was a matter of defense which must be proved by common-law evidence.

The records or books of a board of health are not evidence as to the cause of death.

Appeal by the defendant from a judgment, entered in the office of the clerk of the county of Erie on the 5th day of March, 1889, in favor of the plaintiff, after a trial before the court and a jury at the Erie Circuit, at which the plaintiff recovered a verdict for the sum of $6,122.50.

The action was brought on a certificate or policy of insurance issued by the defendant to John Roberts, late of the city of Buffalo.

*Le Roy Parker,* for the appellant.

*John G. Milburn,* for the respondent.

Corlett, J. :

In June, 1879, John Roberts became a member of defendant, which issued to him a certificate to the effect that it would pay to said Roberts, his heirs, executors or administrators the sum of $5,000 within sixty days after notice and satisfactory proof of his death. Roberts died in January, 1885, leaving one son, Frank Roberts, his only heir.

Proof of death was furnished to the defendant; and in the certificate of the physician who attended him was the statement that John Roberts died from delirium tremens, which, if true, would have avoided the policy. The company refused to pay, and soon after this action was brought. The cause was tried in February, 1889, before a justice and jury. The trial resulted in a verdict for the plaintiff, upon which judgment was entered, and the defendant appeals.

It was a part of the contract that, "upon due notice and satisfactory proof of the death of a member of the association, the finance committee shall, within sixty days, pay," etc. There is nothing in the contract of insurance which requires that those representing the deceased should state in their notice of death its cause. In this case the physician, who attended the deceased during his last illness, certified to a cause of death, which, if true, would have defeated a recovery. On the trial that part of the doctor's certificate stating the cause of death, on objection, was excluded, and the defendant's counsel excepted. The leading contention of the learned counsel for the defendant is, that this was error. It is obvious that the ruling of the trial justice on this point was correct. The only duty which devolved upon the plaintiff was to prove death. Its cause is a matter of defense which must be proved by common-law evidence. (*Goldschmidt et al.* v. *Mut. L. Ins. Co.*, 102 N. Y., 486.)

The president of the company admitted that he was notified of the death of Roberts, and that proof of death was furnished, which was in defendant's possession at the trial. These facts were testified to by the president of the company without objection; afterwards the defendant moved to strike out his testimony on that subject, which was denied, and defendant excepted. It was not error to refuse to strike out that testimony. (*Sherman* v. *Scott*, 27 Hun, 331–334; *Hincken* v. *The Mutual Benefit Life Ins. Co.*, 50 N. Y., 657.)

There is no rule making the records or books of the board of health evidence as to the cause of death on the trial of an action at law where that question is material. Nothing but common-law evidence would defeat a recovery in the absence of a statute or constitutional provision making other evidence competent. There is no law making the records of the board of health of the city of Buffalo evidence upon a trial between parties who do not make

the records or books, and have no duty devolving on them on that subject.

No errors were committed on the trial, and the judgment must be affirmed.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment affirmed.