### MULLER *v.* THE ORDEN GERMANIA.

*(Superior Court of New York City, General Term. May 2, 1892.)*

LIFE INSURANCE—PROOFS OF DEATH—PHYSICIAN'S CERTIFICATE.

Where a member of a benefit society died about 15 months after admission to membership, and the physician's certificate, presented as part of the proofs of death, as required by the contract, stated that the cause of death was cancer, and the duration of the disease 2 years, the latter statement is not even *prima facie* evidence for the purpose of showing misrepresentations in obtaining the insurance, since the consolidation act, (Laws 1882, c. 410,) § 604, merely requires physicians to certify as to the cause of death.

Appeal from jury term.

Action by Louise Muller against the Orden Germania on a certificate of membership issued to her sister. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and MCADAM, J.

*Lewis Sanders* and *M. Auerbach,* for appellant. *Charles & Alfred Steckler,* for respondent.

MCADAM, J. The defendant is a benevolent corporation, and the plaintiff the beneficiary named in a certificate of membership therein, issued to her sister, by the terms of which the sum of $1,000, on her death, became payable to the plaintiff. The decedent was admitted to membership December 26, 1888, and died March 24, 1890. In her application for membership she represented herself to be in good health, and not suffering from cancer. It is claimed that there was a breach of the warranty, because it appeared by the certificate of death furnished by Dr. Lewis, her attending physician, on March 24, 1890, that the "chief cause of death was cancer of the uterus, and the duration of disease two years," which would indicate that the decedent had been troubled with that disease for about nine months prior to her admission as a member of the order. The certificate was offered in evidence by the defendant, and the question presented is whether such certificate, unimpeached and uncontradicted, conclusively establishes the breach of warranty pleaded by the defendant. Dr. Lewis, the physician who gave the certificate, never attended the decedent till October 18, 1889, five months preceding her death, so that the statement in the certificate that the duration of the disease was two years was not founded on actual knowledge of the fact, and must be taken rather as an expression of opinion, and, as such, in no sense conclusive evidence of the fact stated. True, the plaintiff was required, as a condition precedent to the enforcement of her claim, to present a certificate of death issued by the board of health. The purpose of this certificate was to establish the death of the member, proof in this form being alone acceptable. There is nothing, however, in this requirement making the mere opinion of the attending physician conclusive evidence as to the duration of the disease he was professionally called upon to heal. The preliminary proofs presented to an insurance company in compliance with the conditions of the policy of insurance are admissible as *prima facie* (not conclusive) evidence of the facts stated therein against the insured and in behalf of the company. *Insurance Co.* v. *Newton,* 22 Wall. 32. The court of appeals, in commenting upon this case, said: "It may be inferred that the whole [proofs] were veri-

fied by the claimants, and that they were called for by the contract of insurance." *Goldschmidt* v. *Insurance Co.*, 102 N. Y. at page 493, 7 N. E. Rep. 412. If so verified, they might be considered as admissions made by the claimants, and, as such, evidence of the facts presented. In *Buffalo, etc., Co.* v. *Knights Templar, etc., Ass'n*, 126 N. Y. at page 458, 27 N. E. Rep. 944, it was held that the statute and ordinances requiring attending physicians in Buffalo to furnish certificates setting forth the cause, date, and place of death of any person under their charge, were police regulations, and the records required for local and specific purposes not public records in such sense as make them evidence between private parties of the facts recorded. The consolidation act of 1882, (section 604,) applicable to the city of New York, requires that "physicians who have attended deceased persons in their last illness shall, in the certificates of the decease of such persons, specify, as near as same may be ascertained, * * * the direct and indirect cause of death of such deceased persons." There is nothing requiring the physician to certify to the "duration of the disease," *expressio unius, exclusio alterius*, so that the opinion of the attending physician that the duration of the disease was two years was not called for by article 9, § 1, of the constitution and by-laws of the defendant, interpreted in the light of the statute before referred to. Hence such opinion does not rise to the dignity of evidence *prima facie* or otherwise. Certificates given by public officers are evidence only of the facts which they are required to record. As to other matters, they are extrajudicial, and must be rejected. Greenl. Ev. § 498. In *Buffalo, etc., Co.* v. *Knights Templar, etc., Ass'n*, (Sup.) 9 N. Y. Supp. 346, the court held that "there is no rule making the records or books of the board of health evidence as to the cause of death on the trial of an action at law where that question is material. Nothing but common-law evidence would defeat a recovery in the absence of a statute or constitutional provision making other evidence competent." So, in *Hoffman* v. *Railroad Co.*, 46 N. Y. Super. Ct. R. 526, affirmed 87 N. Y. 25, it was held "that records kept at a police station and hospital, showing injuries received by plaintiff by an accident, are not admissible in evidence against him in an action for damages for such injuries, it not appearing that the entries therein were made by persons having knowledge of the facts, or from statements of the plaintiff."

The defendant, on the motion to dismiss the complaint, objected to the absence of certain evidence which was afterwards supplied, so that any possible error in the ruling was effectually cured. *Bartholomew* v. *Lyon*, 67 Barb. 86; *Barrick* v. *Austin*, 21 Barb. 241; *Plank Road Co.* v. *Thatcher*, 11 N. Y. 102; *Colegrove* v. *Railroad Co.*, 6 Duer, 382.

The defendant recognized the validity of the plaintiff's claim by paying $200 on account thereof before suit brought, and the litigation concerned $800, the balance due. Upon the conclusion of the proofs the trial judge sent the case to the jury under a clear and concise charge, whereby he instructed them that, if they found that the decedent, in her application for membership, made any false statement or representation regarding her then state of health, or if she was afflicted with disease at that time, they should find for the defendant. The burden of proving the breach of warranty pleaded was on the defendant, and the submission of the question to the jury was put as strongly in favor of the defendant as it could expect or language make it. The jury found that there was no misrepresentation, and that the decedent was not in ill health when she joined the defendant's order, and found a verdict in favor of the plaintiff for the balance due with interest. We find no error, and the judgment and order denying the motion for a new trial must be affirmed, with costs.