OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT, V. MRS. PEDER JOHNSON, APPELLEE.

FILED DECEMBER 30, 1922. No. 23094.

1. **Evidence:** CAUSE OF DEATH: PROOF. In a case under the workmen's compensation law, brought to recover compensation for the death of plaintiff's intestate, the medical certificate of death, which is made out by the physician last in attendance, in the manner prescribed by section 8233, Comp. St. 1922, is incompetent when offered as proof of the cause of death as shown by recitals contained therein.

2. **Master and Servant:** COMPENSATION: CAUSE OF DEATH: BURDEN OF PROOF. In order that plaintiff recover under the workmen's compensation law for accidental death of an employee, the burden of proof is upon her to show with reasonable certainty that the death was proximately caused by the alleged injury.

3. ———: CAUSE OF DEATH: PROOF. Where an employee, 67 years old, was struck by an automobile and sustained an injury to his head and to his arm and side, the nature and extent of which injuries are not clearly disclosed by the evidence, and where it is shown he was never able to work after the accident

and was troubled with headache and dizzy spells, and about three years after the accident afflicted with insanity, and where such person survives the injuries for three years and approximately two months and then dies, *held*, where no medical testimony was introduced to show the cause of his death, and no showing of the manner of his death or of the symptoms or conditions which especially manifested themselves at the time of his death, that the evidence was insufficient to show by inference alone, arising from the facts proved, that the death was the result of those injuries.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Reversed.*

*John L. Webster* and *R. B. Hasselquist,* for appellant.

*Gray & Brumbaugh, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and FLANSBURG, JJ., SHEPHERD, District Judge.

FLANSBURG, J.

This was an action to recover compensation under the workmen's compensation law. It was based upon the claim that the plaintiff's husband, an employee of the defendant company, sustained injuries in an accident occurring to him in the course of and growing out of his employment, of which injuries he died. The trial court awarded compensation to the plaintiff, and the defendant appeals.

Defendant contends that the evidence is insufficient to show that death resulted from the injuries complained of.

Plaintiff's intestate, Peder Johnson, had been in the service of the defendant street railway company for a long number of years. At the time of the accident he was 67 years old, and, although in good health, he had the appearance of age, was small, thin and stooped. The company had continued him in service as a night watchman. It was at that time building a new car barn, some of the material of which occupied portions of the street, and Mr. Johnson was given the duty of watching this

property at night and of placing lanterns in the streets to warn against danger. At about 6:30 in the evening of December 6, 1918, Mr. Johnson, while upon the street adjacent to the defendant's properties, which it was his duty to guard, was struck by an automobile. He received an injury to the upper part of his head, the extent and location of which are not exactly shown; it does appear that some stitches were taken; his side and his arm were also hurt, but the nature of these injuries is also not described. He was helped to his home and, with assistance, was able to walk. When he arrived home he was seated in a chair. He complained that his head hurt him. Twelve days later a numbness developed in his right arm and right leg and he lost the power to move them. He was then taken to a hospital where he remained for 15 days. The paralysis of his right arm and leg later became better, though there was never a complete recovery. He was able to walk and, in visiting the neighbors, it is shown, he at one time fell in ascending the steps to their house. After the accident the plaintiff's testimony is that he was "very nervous," and that he continued to have headaches and dizzy spells. In October, 1921, almost three years after the accident, an insanity complaint was filed against him by his wife, and he was taken to the county hospital for a while and later again removed to his home. On February 3, 1922, three years and approximately two months after the accident, he died.

Though it appears that he had medical attention immediately after the accident and was attended by physicians throughout this period of time until his death, and that he had an attending physician, Dr. John Simpson, at the time of his death, no one of these physicians was called to testify, either as to the extent, nature or kind of injuries sustained; or as to the cause of the temporary paralysis or insanity, and there is no testimony as to the cause of his death. It is not shown how or in what manner he died, nor what were the symptoms which

especially manifested themselves at that time nor for a time previous, nor whether or not there was any apparent immediate cause of death. He died at the age of 70 years. The defendant company paid compensation for disability throughout the entire period from December 6, 1918, until the date of the death of Mr. Johnson. It takes the position here that plaintiff has not shown that death resulted from the injuries complained of.

In this case the burden was upon the plaintiff to show with reasonable certainty that death was proximately caused by the injury. This proof must be by substantive evidence, leading either to the direct conclusion or legitimate inference that such was the fact. It is the plaintiff's contention, since the injuries are disclosed and since disability is shown to have continued from the time of the injury until death occurred, that nothing more need be proved, and that an inference arises that death was the result of that injury.

The defendant, on the other hand, introduced, over objection, the medical certificate of death, made out in accordance with the provisions of our statute (Comp. St. 1922, sec. 8233) by the deceased's physician last in attendance, which certificate by the statute is required to disclose the cause of death and must be filed before a burial permit can be issued. And by this certificate the defendant attempted to show by the recitals therein that the cause of death was one entirely distinct and apart from the injuries. Such a certificate, however, though filed publicly with the registrar, is not a public record entitled to be introduced as independent evidence in such a case as this. It is filled out by the attending phyisician in an *ex parte* manner, without a hearing and without the right of parties interested to cross-examine. In a controversy betwen individuals, where the cause of death is a material issue, such certificate has no direct evidentiary value on that issue, and its recitals must be disregarded by this court. *Louisville R. Co. v. Raymond's Admr.*, 135 Ky. 738, 27 L. R. A. n. s. 176; *Buffalo*

*Loan, Trust & Safe-Deposit Co. v. Knights Templar & M. M. Aid Ass'n,* 9 N. Y. Supp. 346; *Davis v. Supreme Lodge, K. of H.,* 165 N. Y. 159; 17 C. J. 1306, sec. 169.

Can we, then, without any further evidence as to the cause of the death of plaintiff's intestate, by inference assume that death resulted from the injuries sustained three years and two months previously? Where an injury is sustained and death immediately results, an inference that the injury was the cause of death may arise without anything further to show it, but as the period of time increases between the time of injury and the date of death that inference must necessarily weaken according to the length of time which ensues. The plaintiff's intestate survived the injuries for three years and two months. It is certain that if his death was the result of the injuries complained of his attending physician could have testified to that fact. If the injuries caused the death, why did not death come within the time ordinarily ensuing after injuries of such a sufficient character? As the plaintiff's intestate had survived the injuries for over three years, then what should cause his death at that time, rather than earlier? Was his insanity, which came almost three years after the accident, the result of these injuries? He was a man who had lived out the average expectancy of life. Was his death caused by his injuries or by the ills which human flesh is heir to and which appear in more abundance at the age of 70? Without something more in the record than we find, we cannot say. The evidence here does not give that assurance for decision which should support the judgment of a court. The plaintiff must not merely ask the court to guess that the original injury was the cause of death, nor merely that it is probable it was, but she must either prove it by evidence or by legitimate inference to be drawn from the facts which are actually made to appear.

Without any testimony other than what we have outlined above, we do not believe that the plaintiff's case can be sustained. The burden was upon the plaintiff to

remove the case beyond the realm of speculation and con-jecture before she could be allowed to recover. The evi-dence is insufficient to support the judgment.

The judgment of the lower court is therefore reversed and the cause remanded for further proceedings.

REVERSED.