TAMARA KLOTZ, APPELLANT, V. SWIFT & COMPANY, APPELLEE.

275 N. W. 667

FILED OCTOBER 22, 1937. No. 30226.

*Alfred A. Fiedler* and *Fradenburg, Webb, Beber, Klutz-nick & Kelley,* for appellant.

*Brown, Fitch & West, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is a compensation case brought by the widow and sole dependent of an employee. At the close of the plaintiff's evidence in the district court a motion to dismiss was sustained, for that the evidence was insufficient to support a finding that the pneumonia from which the employee died, April 18, 1936, was attributable to an accident sustained by deceased while employed by the defendant, Swift & Company. The only issue, therefore, presented by the record is whether or not the evidence supports a finding that the death of Tevel Klotz, husband of appellant, was attributable to the accident of April 10, 1930.

The history of the case is that the decedent, Tevel Klotz, was injured in the course of his employment with Swift & Company. He ran a sliver of wood into the thumb of his right hand, which became infected. This infection necessitated the amputation of his right hand on June 2, 1930. Afterwards he returned to work for the company, but because of the infection in his hand, his leg became infected, and he was totally disabled. Several orders were

entered by the district court during the period of disability from the date of the accident, April 10, 1930, until the date of his death, April 18, 1936. At the time of his death he was receiving a compensation award under a decree of the district court for Douglas county finding he was totally and permanently disabled.

He was confined in the insanity ward of the Douglas County Hospital when, in the early part of April, his son desired to take him home for the Jewish holiday. During this period away from the hospital he contracted pneumonia, from which he died. The widow, sole dependent, seeks to recover compensation on the theory that the pneumonia from which decedent died was caused by the accident.

It is a well-established rule in this state that an award of compensation cannot be based upon possibilities or probabilities, but upon sufficient evidence supporting a finding that death of the employee arose from an accident occurring in the course of his employment. *Townsend v. Loeffelbein*, 123 Neb. 791, 244 N. W. 418; *Porter v. Brinn-Jensen Co.*, 131 Neb. 611, 269 N. W. 96.

The long length of time intervening between the accident and the death weakens the presumption that the accident caused the death. *Omaha & C. B. Street R. Co. v. Johnson*, 109 Neb. 526, 191 N. W. 691. Six years intervened in this case. Perhaps the presumption is not to be indulged in here. Only one physician testified. He did not attend the deceased during the accident, but only when he was stricken with pneumonia. He testified that the decedent's resistance was lowered because of the accident. Of course, the decedent had drawn compensation for all the years for that reason. The evidence does not disclose the fact that the accident caused or contributed to the death. Even the testimony of decedent's physician is not to that effect, except as above noted.

Some argument is made as to the manner of trying cases on appeal in this court upon appeal from the district court. There has been no adjudication upon this question

because, as in this case, it has not been necessary. The statute as amended, section 48-174, Comp. St. Supp. 1935, provides: "That a judgment, order, or award of the district court may be modified or set aside only upon the following grounds: (1) That the court acted without or in excess of its powers. (2) That the judgment, order, or award was procured by fraud. (3) That the findings of fact are not conclusively supported by the evidence as disclosed by the record, and if so found, the cause shall be considered *de novo* upon the record. (4) That the findings of fact by the court do not support the order or award."

The judgment of the district court cannot be disturbed.

AFFIRMED.