JOHN F. PENSICK, APPELLANT, V. FRED BOEHM ET AL., APPELLEES.

FILED NOVEMBER 4, 1932. No. 28534.

*Wagner & Wagner,* for appellant.

*Otto F. Walter, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a proceeding under the workmen's compensation law in which the employee appeals from an order of the district court, dismissing his petition for compensation.

The burden of proof is upon the claimant, under the workmen's compensation law, to prove the employment and accidental injury arising out of and in the course of the employment. *Rosandich v. Chicago, N. S. & M. R.,* 185 Wis. 184; *Hills v. Blair,* 182 Mich. 20; 2 Schneider, Workmen's Compensation Law (2d ed.) 1863.

The accident causing the injury for which compensation is sought must be one arising out of and in the course of employment to warrant a recovery. *Gale v. Krug Park Amusement Co.,* 114 Neb. 432. Numerous opinions of this court have discussed and determined whether an accident arose out of and in the course of the employment. Recovery has been permitted only where the accident was found to have occurred within the scope of the employment. Obviously, it is necessary that the claimant be an employee of the defendant at the time of the accident. After a careful study of the record herein, we find that a preponderance of the evidence does not establish that the claimant was in the employ of the defendants at the time of the alleged accident. The alleged accident was claimed to have occurred on March 11, 1931, while the contract of employment was terminated March 8, 1931.

Furthermore, the evidence leaves us in doubt as to whether the disability was the result of an accidental injury. No useful purpose is ever served by quoting the evidence at length when the decision of the case rests solely upon a question of fact. Suffice it to state that we find that the plaintiff is not entitled to compensation.

This finding is in accord with the judgment of the trial court, and the judgment of the trial court is accordingly
AFFIRMED.