MAUDE W. PORTER, APPELLEE, v. BRINN-JENSEN COMPANY ET AL., APPELLANTS.

FILED OCTOBER 9, 1936. No. 29863.

*Thomas E. Dunbar* and *Hall, Cline & Williams*, for appellants.

*Joe R. Wells* and *Pitzer & Pitzer*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

GOOD, J.

J. Ray Porter lost his life about 9 o'clock p. m., February 21, 1935, in an automobile accident on highway No. 75, nine miles north of Nebraska City, Nebraska. Porter was engaged in selling merchandise for Brinn-Jensen Company on a commission basis. Plaintiff, the widow of Porter, brought this action against Brinn-Jensen Company and its insurance carrier, American Employers Insurance Company, to recover an award of compensation and funeral expenses, based on provisions of the workmen's compensation law, and on the allegation that her husband's death was caused by an accident arising out of and in the course of his employment. The trial court awarded plaintiff compensation, funeral expenses and attorney's fees. Defendants have appealed.

It is defendants' contention that Porter was not an employee within the meaning of that term as used in the workmen's compensation law; secondly, that his death occurred as the result of his use of intoxicating liquors; and, lastly, that at the time of the accident resulting in his death he was not engaged in any work or business of Brinn-Jensen Company, and that therefore his death did not arise out of his employment.

The record discloses the following pertinent facts: Brinn-Jensen Company has a place of business at Omaha, Nebraska, and is engaged in selling paper, paper bags, and other merchandise at wholesale. For some time prior to his death, Porter had been selling for Brinn-Jensen Company its merchandise to retailers and receiving a commission upon sales made by him. His territory is not precisely designated by the record. It is said, however, to extend both north and south from Omaha, along and on both sides of the Missouri river. How far south or how far north is not disclosed. The extent of his territory was sufficient to require five weeks in which to cover it. Porter was re-

quired to use his own automobile; to furnish his gas and upkeep of the car; to call upon the merchants in person; was not allowed to carry any other lines or side business, and was required to devote all of his time for at least five or six days out of each week to the business of Brinn-Jensen Company. He was also required to make collections and remit them daily, and to make daily reports of his orders for merchandise sold. He was not permitted to deliver any merchandise, nor to fix the price thereof, nor the terms of credit, if any. He simply took orders for the merchandise which were sent to Brinn-Jensen Company, and, if approved by it, were filled. Porter was allowed a drawing account of $25 a week for expenses, and at the end of each month his commissions were ascertained and from the commissions was deducted the amount of advances made.

It is disclosed that some time on the 20th of February, 1935, Porter arrived in Nebraska City, transacting some business for Brinn-Jensen Company; stayed overnight at a hotel, and the next forenoon was engaged in his duties as a salesman and collector. At about noon he settled his account and checked out of the hotel, but still remained in Nebraska City and apparently was drinking to such an extent that he indicated a state of considerable intoxication. In the afternoon he stated to the hotel proprietor that he was going either to Dunbar or to Omaha. Dunbar is west and Omaha north of Nebraska City. At about 9 o'clock in the evening of February 21, we find Porter and one Wilson driving into a filling station on the outskirts of Nebraska City, with Porter at the wheel. Apparently they stopped and had the car serviced. There is some evidence that at this time Porter was argumentative and possibly quarrelsome. In a few minutes they left, taking highway No. 75 toward Omaha, with Wilson at the wheel. Forty-five minutes later the filling station attendant was informed of an automobile accident nine miles north, in which it appears that both Wilson and Porter were killed. There is sufficient in the evidence from which it is inferred that there was a collision between the car in which Porter and

Wilson were riding and another car. How the accident occurred or who was at fault is not disclosed by the record.

It is disclosed that Porter had with him his sample case, a portfolio containing orders which he had taken that day, and a part of which had been already filled by Brinn-Jensen Company, and a part unfilled. There is nothing, other than has been stated, to indicate the destination or purpose of the drive by Wilson and Porter. We are uninformed of whether their destination was Omaha, Plattsmouth, or some other point. It has been suggested that Porter may have intended to go to Murray or to Plattsmouth, but there is no showing in this record that he had any customers either in Plattsmouth or Murray, or that he had any intention of going to either of those places. Does this state of facts warrant a finding that plaintiff's husband met his death in an accident which arose out of his employment?

The rule of law applicable is that in workmen's compensation cases the burden of proof is on the claimant to show with reasonable certainty that the employee sustained injury or death which arose out of and in the course of his employment. This rule, in substance, has been announced in *Pensick v. Boehm,* 124 Neb. 28, 244 N. W. 923; *Saxton v. Sinclair Refining Co.,* 125 Neb. 468, 250 N. W. 655; *Kuhtnick v. Carey,* 124 Neb. 762, 248 N. W. 89; *Mullen v. City of Hastings,* 125 Neb. 172, 249 N. W. 560; *Parsons Oil Co. v. Schlitt,* 125 Neb. 223, 249 N. W. 613; *Huffman v. Great Western Sugar Co.,* 125 Neb. 302, 250 N. W. 70. It is also a rule that an award of compensation cannot be based upon mere possibilities or probabilities, but must be based upon sufficient evidence showing a disability or death of the employee arising out of and in the course of his employment. *Bartlett v. Eaton,* 123 Neb. 599, 243 N. W. 772; *Townsend v. Loeffelbein,* 123 Neb. 791, 244 N. W. 418; *Kuhtnick v. Carey, supra; Mullen v. City of Hastings, supra; Parsons Oil Co. v. Schlitt, supra; Saxton v. Sinclair Refining Co., supra; Hudson v. City of Lincoln,* 128 Neb. 202, 258 N. W. 398.

The facts disclosed by the record leave us in doubt as to

the destination of Porter and his companion at the time of the accident, or the object or purpose of their trip. It is possible that Porter may have been intending to visit some town on the business of Brinn-Jensen Company. It is equally possible that he may have been upon some mission of his own and bound for some other place than Omaha, Plattsmouth or Murray. His destination and mission are matters of speculation. The law requires that the evidence show with reasonable certainty that the employee was injured or met his death in an accident in the course of and arising out of his employment. Guess, speculation, possibility, or even probability will not suffice. Plaintiff has not carried the burden which the law imposes. The conclusion upon this point renders it unnecessary to consider the other defenses urged by defendants.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

REVERSED.