PETE PILLARD, APPELLEE, V. LINCOLN PACKING COMPANY,
APPELLANT.

277 N. W. 587

FILED FEBRUARY 11, 1938.   No. 30320.

*Hall, Cline & Williams* and *Flavel A. Wright,* for appellant.

*Sanden & Anderson* and *Arthur J. Nevins, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and WILLIAM A. DAY, District Judge.

PAINE, J.

The district court entered a life award for permanent and total disability of the plaintiff in a compensation case, and defendant appeals.

The parties in this case are Pete Pillard, plaintiff, and the Lincoln Packing Company, defendant. The plaintiff is now about 71 years of age. He went to work for the packing company about five years ago. He testified that he first cut wood for the smokehouses, nailed boxes, cleaned up after butchering, and did many odd jobs, and in 1936 his work was changed to that of night watchman, which was lighter work. His duties required that he go around at night, take temperatures in the cooler, pick up papers, attend the smokehouse, squirt water on the hams, and he was required to ring bells every hour as a watchman. This is what he continued to do until September 1, 1936, when he had the accident that happened some time before

10 o'clock that night. He claims that he started to go up the back elevator to take the last temperature, and went to the elevator shaft, as he had the right to use the elevator. He was unable to tell exactly what happened, but he reached in his arm and tried to take hold of the chain to pull it, and his right arm was perhaps caught in some way, and he was carried up to the ceiling, although he was not in the elevator, and then was dropped and fell to the floor, where he was found by a truck driver, and was taken to Dr. Wiedman's office, with his arm badly cut, and with other injuries, and in a state of shock, and then was taken in an ambulance to the hospital. This accident was not observed by any person, but plaintiff is entitled to an award.

The defendant claims, in the first place, that the accident could not have taken place in the way the plaintiff described it. Other witnesses testify in the record that the chain, which he says caught him, does not move at any time, but remains perfectly still, and therefore the chain itself could not have carried him. Aside from a bad cut on his right arm, he had a fracture of the tip, or olecranon, of the left elbow, a fracture of one to three ribs, and was otherwise lacerated, bruised, and injured. He was taken to the hospital, and was there for four weeks and then taken home, and he was paid for nine weeks and five days, at the weekly rate of $12.88, making the sum of $125.12, together with hospital and medical service of $446.85, making a total of $571.97, and he signed a receipt on November 19, 1936, for this amount in full of all injuries. The plaintiff did not have his glasses with him, and said he could not, and did not, read this receipt which he signed.

Plaintiff then went back to work for defendant, where he continued until February 27, 1937, at which time he was laid off. He was told that he was too old, and the insurance company would not carry him on compensation any longer.

On March 12, 1937, plaintiff filed his petition in the

Nebraska workmen's compensation court, and the defendant answered, and a hearing was had before Judge Charles E. Jackman, of said court, on April 21, and on June 5 an award was entered, finding that plaintiff's wages had been $19.32 a week, and that he was entitled to receive $12.88 for temporary total disability for a period of 9 5/7 weeks; that plaintiff was entitled also to $12.88 a week for a period of 45 weeks, beginning November 8, 1936, for compensation for a 20 per cent. permanent partial disability for loss of the use of his left arm.

Each party waived trial before the entire compensation court, to which they would have been entitled under section 13, ch. 57, Laws 1935, now section 48-174, Comp. St. Supp. 1937. *City of Lincoln v. Nebraska Workmen's Compensation Court, ante,* p. 225, 274 N. W. 576.

Each party having perfected an appeal to the district court, it was stipulated that the two cases should be consolidated and tried as one case. The trial occurred September 15 and 16. The plaintiff's evidence was given by himself, his wife, and his physician, Dr. Arthur L. Smith; the defendant called some six doctors, and other witnesses. On October 26, 1937, the district judge entered a permanent total disability order, awarding $12.88 a week for 300 weeks and $8.69 a week for the rest of his life, also awarded the sum of $282 for the services of plaintiff's physician.

The defendant sets out 12 errors relied upon for reversal. It is charged that the court acted in excess of its powers, and that the award is grossly and highly excessive; that the court's own findings of fact do not support the award, and defendant states in several different ways that the evidence does not in any way sustain the award made by the court. In the first place, defendant insists that the plaintiff has not maintained the burden of proof that is on him to show that his injuries are the result of the alleged accident.

It is the opinion of this court that, if a night watchman is found badly injured on the premises where it is his duty

to be, and suffers an accident while engaged in the work he was employed to perform, but because of shock is unable to give a coherent account of the accident, which no witness saw, then such employee is entitled to compensation for such injuries.

Defendant has set out in the brief more than ten places where plaintiff's evidence is entirely at variance with all of the other testimony in the case. Defendant charges that plaintiff is very much older than his years indicate; that he has had a large rupture for perhaps 15 years, and the doctors testify that this rupture is the largest rupture they have ever seen.

The plaintiff's physician sets out his injuries as consisting of: (1) The mental changes; (2) the fibrous union of the fractured left olecranon process; (3) the healing of the fractured ribs; (4) traumatic heart injury; (5) angina pectoris; (6) infection of the urinary tract; (7) weakness and nervousness; (8) chronic arthritis.

It is insisted that the high blood pressure, arthritis, and large hernia are none of them due to this accident. Testimony of fellow employees is to the effect that, during the months he worked after the injury, he did the same kind of work that he did before the accident, and did it without any trouble of any kind, because the employees working in a position to have heard his complaints testified that he made none.

There is no serious dispute as to the law involved in this case. Plaintiff relies upon the fact that a finding of the district court in a compensation case will not be set aside on appeal if it is supported by sufficient evidence, as this court held in *City of Fremont v. Lea,* 115 Neb. 565, 213 N. W. 820, and *Selders v. Cornhusker Oil Co.,* 111 Neb. 300, 196 N. W. 316. This requires us to carefully examine the evidence to see whether the award for life made by the trial court is supported by the testimony of witnesses.

In section 48-174, Comp. St. Supp. 1937, it is provided that a judgment or award of the compensation court shall only be set aside upon four grounds. It also provides only

four grounds upon which an award of the district court may be modified or set aside. The third ground is: "That the findings of fact are not conclusively supported by the evidence as disclosed by the record, and if so found, the cause shall be considered *de novo* upon the record;" and (4) : "That the findings of fact by the court do not support the order or award."

A careful reading of the evidence in accordance with this law leads us to the conclusion that, while the plaintiff sustained a deep cut on his right forearm, yet he admits that this healed up without any difficulty. The fracture of the olecranon process of the tip of the left elbow has healed, but with a fibrous union, which gives the plaintiff a good, fair use of that arm, sufficient in every way to perform the duties of a watchman practically as well as before the accident. This leaves the fracture, claimed to have been suffered, of three ribs, which plaintiff claims are healing. It must be remembered that Dr. Rowe, an X-ray specialist, testified by deposition that he failed to find the fracture described, but did find an old fracture of the tenth rib, which had fully united.

In opposition to the evidence of the plaintiff and his physician, there is, in addition to the testimony of Dr. Rowe, the testimony of Dr. Arnold, Dr. Wiedman, Dr. Neely, and Dr. Everett Angle to the effect that the plaintiff has completely recovered from all injuries received in the accident of September 1, 1936, with the sole exception of some limitation in the motion of his left arm, which disability of the left arm is estimated by medical experts to be from 15 per cent. to 20 per cent., and *Johnson v. David Cole Creamery Co.,* 109 Neb. 707, 192 N. W. 127, provides a method for computation thereof.

This court has held in many cases that an award of compensation cannot be based upon possibilities or probabilities, but must be based on sufficient evidence to show a disability arising out of and in the course of employment. *Saxton v. Sinclair Refining Co.,* 125 Neb. 468, 250 N. W. 655; *Porter v. Brinn-Jensen Co.,* 131 Neb. 611, 269 N. W. 96.

In our opinion, there is no competent evidence to support a finding for a greater allowance than a 20 per cent. permanent partial disability to his left arm, as was found by the judge of the compensation court. As thus modified, the balance of the decree and judgment of the district court are affirmed.

AFFIRMED AS MODIFIED.