HAYES v REVERE COPPER AND BRASS, INC

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDINGS OF FACT—EVIDENCE.

The Court of Appeals may not set aside findings of fact of the Workmen's Compensation Appeal Board if those findings are supported by any evidence on the record.

2. WORKMEN'S COMPENSATION—HYPERTENSION—ACCELERATION OF DEATH—EVIDENCE.

Accepting the testimony of a medical expert that the death of claimant's husband had been accelerated because his work had aggravated his hypertensive condition was not error even though the expert had conceded that he had read statements made by other witnesses prior to the compensation hearing, where the expert stated that he could base his testimony only on evidence in the record and that, no matter which basis he chose for his testimony, the result would have been the same.

3. WORKMEN'S COMPENSATION—INJURY—DEATH—NOTICE—TIME.

An employee's dependents are entitled under the Workmen's Compensation Act to 12 months within which to submit both notice of injury and a claim for compensation for the employee's death (MCLA 418.381).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 May 4, 1972, at Detroit. (Docket No. 12377.) Decided November 27, 1972.

Ionia Hayes, widow of Kellie Hayes, presented a claim for workmen's compensation against Revere Copper & Brass, Inc., for the death of her husband. Benefits awarded. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 481.
[2] 58 Am Jur, Workmen's Compensation § 436.
[3] 58 Am Jur, Workmen's Compensation § 73.

*Goodman, Eden, Robb, Millender, Goodman &
Bedrosian,* for plaintiff.

*Clark, Klein, Winter, Parsons & Prewitt* (by
*David P. Wood),* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and
BRONSON, JJ.

V. J. BRENNAN, P. J. Kellie Hayes was employed
by defendant Revere Copper & Brass, Inc., from
1943 until April 13, 1966. During the last several
years of his life, Mr. Hayes suffered from a hyper-
tensive condition which eventually led to his death
on April 27, 1966. His wife presented a claim for
workmen's compensation benefits, which claim was
granted by the hearing referee and sustained by
the Workmen's Compensation Appeal Board. Both
the referee and the appeal board agreed that
decedent's work aggravated his hypertensive con-
dition and accelerated his death; on this basis they
concluded that his death was compensable.

Defendant employer sought and was granted
leave to appeal to this Court. Defendant first ar-
gues that there was no evidence to support the
appeal board's conclusion that Mr. Hayes' death
was accelerated by his employment. This Court
may not set aside findings of fact of the Work-
men's Compensation Appeal Board if those find-
ings are supported by *any* evidence on the record.
*Litwin v Difco Laboratories Inc,* 28 Mich App 132
(1970); *Clark v Apex Foundry Inc,* 7 Mich App 684
(1967). We have examined the record and find that
it contains sufficient evidence to meet this stan-
dard.

Defendant's second argument, that the hearing
referee committed reversible error by accepting

the testimony of a medical expert, when the witness conceded that he had read statements made by other witnesses prior to the hearing, is without merit. The witness stated that he could base his testimony only on evidence in the record and, further, no matter which basis he chose for his testimony, the result would be the same.

Finally, the defendant argues that the appeal board erred when it concluded that the following statutory provision permits claims for compensation for the death of an employee if notice of the death is given within one year:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of the same; or in case of the death of the employee, within 12 months after death; or in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim." MCLA 418.381; MSA 17.237(381).

The defendant argues that this statute should be read to require notice of injury within 3 months of the injury in all cases, and in case of the death of the employee, 12 months within which dependents may file a claim for compensation. Neither the parties, nor this Court, have been able to discover any Michigan case law dealing with this precise issue. In fact, we have discovered only two occasions on which the courts of any of our sister states have encountered a similar issue.

In *Roland v Employers' Casualty Co,* 290 SW 895, 897 (Tex Civ App, 1926); *aff'd* 1 SW2d 568

(Tex Comm App, 1928), the Texas Court of Civil Appeals discussed the issue as follows:

"Article 8307, § 4a, Vernon's Ann Tex Statutes 1925, provides:

" 'Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employe or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity.'

*   *   *

"[1] It is the contention of appellants that the part of the statute quoted, to wit, no recovery is allowable unless the association or subscriber have notice of the injury within 30 days after such injury, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same, evidently refers to and is limited to an injury not resulting in death. That the part of section 4a which reads 'or, in case of death of the employe or in the event of his physical or mental incapacity,' * * * means that, where death ensues or the person becomes physically or mentally incapacitated, if notice is given within six months, it is sufficient. We believe this construction of the statute is correct, and that the evident intention of the Legislature was to allow six months for notice of the injury in case the injured person dies, or becomes physically or mentally incapacitated.

"The Workmen's Compensation Acts, as a rule, require notice of the fact of the injury to be given to the employer and to the state board having power to determine questions under this law, or to the insurance company, and most of those we have examined make a difference in the time within which notice must be given, in order to recover, between nonfatal injuries

and injuries resulting in death, or in mental or physical incapacity."

The only other occasion on which a similar issue arose occurred in *Mulvey v City of Lincoln,* 131 Neb 279; 267 NW 459 (1936), where the Supreme Court of Nebraska dealt with the following statute:

"No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same, or in case of death of the employee, or in event of his * * * physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity; * * * ." § 48–133 Nebraska Compiled Statutes 1929.

The Court therein did not set aside an award for the injured employee despite the fact that the Court was of the opinion that

"The proof is not sufficient to sustain a claim that the defendant had the notice required by statute, and likewise it is not proved that claim was made within six months or petition filed within one year after the accident." *Mulvey, supra,* p 284; 267 NW 461.

The Court, in effect, held that the filing of a claim within six months after the employee's disability had ended, satisfied the statute regarding both claim and notice.

In both of these cases, the wording of the statutes being construed was similar to the provision under consideration here. Both of these Courts held that the longer time limit did not merely apply to the period in which the employee, or his dependents, were required to file a claim for com-

pensation, but also applied to the time within which notice of injury must be filed.

A review of the history of the Michigan statute leads us to agree with the results reached by the Courts in both Texas and Nebraska. The statutory provision in question, as first adopted by our Legislature, provided:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employe, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity." 1912 PA 10, Part II, § 15.

The meaning of the original provision regarding the time within which notice of the death of the employee must be had by the employer is quite clear. Under that provision both notice and claim in the case of death must be given within six months. Any other interpretation would render a portion of the statute meaningless. If the Legislature had intended the language "in case of the death of the employe * * * within six months after death" to refer to the time within which claim for compensation must be made, then there would have been no point in inserting that language into the statute at all. The first clause of the statute already required the claim for compensation to be made within six months. Therefore, the only possible legislative intent must have been that both notice and claim had to be given within six months.

This statute was amended by 1919 PA 64 to read as follows:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same; or, in case of the death of the employe, within six months after said death; or, in the event of his physical or mental incapacity, within the first six months during which the injured employe is not physically or mentally incapacitated from making a claim: * * * ."

Here, the legislative intent is even clearer. The Legislature has added a separate clause dealing with time limitations in case of the death of the employee. Again the time referred to in that clause is six months, the same time limit within which the prior clause requires a claim for compensation to be made. Again, the Legislature must have had a purpose for inserting a separate clause to deal with injuries which result in the death of the employee. The only manner in which the clause may be given meaning is to hold that the Legislature intended the six-month period to apply to both the giving of notice and the claim for compensation.

In 1965, the state Legislature amended this statute to alter the time limitation in the "death clause" from 6 to 12 months. (1965 PA 44.) It seems more likely that by this amendment the Legislature intended to liberalize the procedures for securing compensation for the death of an employee. To now hold that the effect of this amendment is to require notice in all cases within

3 months, and claim for compensation within 12 months, runs counter to the clear meaning of the statute throughout its history. We therefore conclude that the holding of the Workmen's Compensation Appeal Board was correct, and that an employee's dependents are entitled to 12 months within which to submit both notice of injury and claim for compensation for the death of an employee.

Affirmed.

All concurred.