KROL v CITY OF HAMTRAMCK

1. WORKMEN'S COMPENSATION—NOTICE OF CLAIM—APPEAL BOARD—FINDINGS OF FACT.

The determination of whether an employer had notice of an injury entitling an employee to workmen's compensation benefits is a question of fact for the Workmen's Compensation Appeal Board.

2. WORKMEN'S COMPENSATION—APPEAL AND ERROR—APPEAL BOARD—EVIDENCE.

A decision of the Workmen's Compensation Appeal Board that an employer had no notice of an injury entitling an employee to workmen's compensation benefits will be overturned only when it is contrary to law or not supported by competent, material, and substantial evidence on the whole record.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 May 13, 1974, at Detroit. (Docket No. 18327.) Decided June 27, 1974.

Claim by Lottie Krol, widow of Bruno Krol, against the City of Hamtramck for workmen's compensation. Compensation denied. Plaintiff appeals. Affirmed.

*Sam W. Thomas, P. C.* (by *E. R. Whinham, Jr.,* of counsel), for plaintiff.

*Edmund E. Torcellini,* for defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 463, 464.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. BURNS, J. This case is before the Court for the second time. In *Krol v Hamtramck* (Docket No. 13789, decided May 29, 1973 [unreported]), this Court remanded the matter to the Workmen's Compensation Appeal Board "to allow a majority of the board to determine when the plaintiff should have reasonably known that decedent's disability was work related".

In its previous opinion the Court relied on MCLA 417.10; MSA 17.229, as construed in *Brown v Revere Copper & Brass Corp,* 42 Mich App 143; 201 NW2d 326 (1972), and *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973). Section 10, as construed, holds that in occupational disease and death cases notice of the claim must be given to the employer within 120 days of the time the disability is discovered and when the claimant knows, or reasonably should know, that his disability is related to his employment.

On remand, the Workmen's Compensation Appeal Board stated that the only testimony regarding the time when plaintiff knew or should have known of the work-related nature of her husband's death was plaintiff's own testimony, wherein she stated that approximately two years after her husband's death she learned that it might have been work-related.

Defendant died November 14, 1960. Two years after that date would be November 14, 1962. No proofs were introduced from which the Workmen's Compensation Appeal Board could conclude that the employer received notice or had knowledge of the alleged cause of death before June 4, 1963. The appeal board unanimously found that plaintiff had not complied with the 120-day notice provision of the Workmen's Compensation Act, and death ben-

efits were accordingly denied. Leave was granted to appeal from that decision.

Plaintiff contends that this case is controlled by the decision in *Hayes v Revere Copper & Brass, Inc,* 43 Mich App 685; 204 NW2d 695 (1972). We disagree. The *Hayes* case dealt with an occupational injury. In the case at bar, it is undisputed that the decedent's death was the result of an occupational disease, not an injury. *Hayes, supra,* is therefore inapplicable to the case at bar, while *Tillotson* and *Brown, supra,* are dispositive of the present cause. MCLA 417.10; MSA 17.229 states that the notice provision for occupational disease or disability provides for 120 days notice.

The determination of whether an employer had notice of an injury entitling an employee to workmen's compensation benefits is a question of fact for the Workmen's Compensation Appeal Board. *Tillotson, supra.* In the instant case, no proofs were introduced from which the appeal board could conclude that the employer received notice or had knowledge of the alleged cause of death until the employer was served with the first application for hearing on June 4, 1963. The decision of the Workmen's Compensation Appeal Board will be overturned only when it is contrary to law or not supported by competent, material, and substantial evidence on the whole record. MCLA 413.12; MSA 17.186.

Applying these rules to the facts present in this case, we hold that the decision of the board was correct.

Affirmed.

All concurred.