WHITE v SEARLS & WHITE TREE SERVICE

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—EMPLOYER-EMPLOYEE RELATIONSHIP—
   ECONOMIC REALITY TEST—WORKMEN'S COMPENSATION APPEAL
   BOARD—FACTORS TO BE WEIGHED.
   An economic reality test consisting of seven factors is applied to
   determine whether a party who contracts to do work for
   another is an independent contractor who is not covered by the
   Workmen's Compensation Act or is an employee covered by the
   act: (1) the employer's liability if he terminates the relation-
   ship, (2) whether the work performed is an integral part of the
   employer's business, (3) whether the employee depends upon
   the job primarily for payment of his living expenses, (4) who
   provides the equipment and materials, (5) whether the em-
   ployee holds himself out as one ready and able to perform such
   work, (6) whether such work is customarily performed by
   independent contractors, and (7) the control the employer
   exerts over the employee.

2. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—APPEAL AND ERROR.
   A Workmen's Compensation Appeal Board's decision will be
   overturned only when it is contrary to law or not supported by
   competent, material, and substantial evidence.

DISSENT BY T. M. BURNS, J.

3. STATUTES—SOCIAL AND LABOR LEGISLATION—INTERPRETATION—EM-
   PLOYEES—WORDS AND PHRASES.
   *The term "employee" in social and labor legislation is properly
   interpreted by courts in light of the purpose of the legislation.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 137, 138.
   Comment note.—tests of independent contractor relationship in the
   field of workmen's compensation and social security acts. 134
   ALR 1029 s. 147 ALR 828.
[2] 58 Am Jur, Workmen's Compensation § 530 *et seq.*
[3, 5, 6] 58 Am Jur, Workmen's Compensation § 132.
[4] 58 Am Jur, Workmen's Compensation § 26 *et seq.*

4. Workmen's Compensation—Workmen's Compensation Act—Purpose of Statute—Construction.

*The Workmen's Compensation Act is a remedial statute enacted for the benefit of persons working in pursuits subject to its provisions and, being remedial, the act should be liberally construed in favor of injured employees.*

5. Workmen's Compensation—Workmen's Compensation Act—Construction—Employees.

*Weight should be given to those factors which will most favorably effectuate the objectives of the Workmen's Compensation Act in determining whether a party who contracts to do work for another was an employee within the purview of the Workmen's Compensation Act.*

6. Workmen's Compensation—Workmen's Compensation Act—Employer-Employee Relationship.

*An employer-employee relationship within the purview of the Workmen's Compensation Act existed where a party had made a contract with another to do a job, was told where to perform the work but not supervised in the precise details of it, and died while working on the job.*

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 March 14, 1975, at Detroit. (Docket No. 20490.) Decided April 28, 1975. Leave to appeal denied, 394 Mich 837.

Claim by Betty White, widow of Clinton White, against Searls & White Tree Service, Ohio Casualty Insurance Company, City Tree Service, and Employers Mutual Liability Insurance Company for workmen's compensation. Compensation denied. Plaintiff appeals by leave granted. Affirmed.

*Levine & Benjamin, P. C.,* (by *Barrie R. Bratt) (Hayim I. Gross,* of counsel), for plaintiff.

*Herbert H. Sulzbach,* for defendants Searls & White Tree Service and Ohio Casualty Insurance Company.

*George E. Ganos,* for defendants City Tree Ser-

vice and Employers Mutual Liability Insurance Company.

Before: R. B. BURNS, P. J., and T. M. BURNS and R. M. MAHER, JJ.

R. B. BURNS, P. J. Plaintiff, Betty White, appeals from a Workmen's Compensation Appeal Board decision holding that her deceased husband, Clinton White, was not an employee of either defendant at the time of his death, and that plaintiff was not entitled to workmen's compensation benefits. We affirm the board's decision.

At the time of decedent White's death, he and his working crew from defendant City Tree Service, a sole proprietorship owned by the decedent, were employed on a tree removal project undertaken by defendant Searls & White. The work was done pursuant to an oral agreement between the decedent and a Mr. Winsel Searls, a managing partner of Searls & White Tree Service. Both the deceased and Searls were in the habit of hiring the services of the other's business firm whenever they began projects that exceeded the capacities of their individual tree-removal businesses. The board found that, as a sole proprietor, the deceased was not an employee of City Tree Service within the meaning of the then applicable act, MCLA 411.7(2); MSA 17.147(2). It also found that the deceased was an independent contractor with regard to Searls & White and, hence, not covered by the act. *Scott v Alsar Co,* 336 Mich 532; 58 NW2d 910 (1953).

Plaintiff contends that the deceased was not an independent contractor. As the board stated in its opinion, Michigan courts apply an economic reality test to such questions. The test is described in

*McKissic v Bodine,* 42 Mich App 203; 201 NW2d 333 (1972). *McKissic, supra,* states seven factors which should be weighed by the board to further the purposes of the compensation act. First, what liability would the employer have incurred if he terminated the relationship? The board found there would have been breach of contract but no liability for unemployment compensation or seniority violations. Second, was the work performed an integral part of the employer's business? The answer is yes; both decedent and Searls & White did the same work. Third, does the employee depend upon the job primarily for payment of his living expenses? The Searls & White project was but one of many performed by the deceased. Fourth, who provides the equipment and materials? Here, it was decedent only. Fifth, does the employee hold himself out to the public as one ready and able to perform such tasks? Undeniably, the decedent did. Sixth, is such work customarily performed by independent contractors? This is not clear, however, the board did note that plaintiff carried on decedent's business in his absence, so the job was certainly not one that was performed by an individual. Seventh, what control did the employer exert over the employee? Here, decedent reported to work at his convenience and spent most of his time talking with Searls and supervising his own employees and equipment. The deceased paid his own employees, kept his own books, and maintained discipline. The board could have reasonably concluded, on the basis of such evidence, that the deceased acted as an independent contractor. The decision of the board will be overturned only when it is contrary to law or not supported by competent, material, and substantial evidence. *Krol v City of Hamtramck,* 54 Mich App

234; 220 NW2d 743 (1974). Neither is the case here.

Affirmed.

R. M. MAHER, J., concurred.

T. M. BURNS, J. *(dissenting)*. I cannot agree with my brothers that plaintiff was not entitled to workmen's compensation benefits. I believe that the decedent was not an independent contractor, but an employee of Searls & White and thus covered by the act.

The question crucial to this case is who is to be considered an employee within the meaning of the Workmen's Compensation Act. As professor Larson stated in his treatise on workmen's compensation law, 1-A Larson, Workmen's Compensation, § 43.41, pp 8–7, 8–8:

"The newer way of looking at the concept, which is associated with the Supreme Court opinions in the *Hearst [NLRB v Hearst Publications,* 322 US 111; 64 S Ct 851; 88 L Ed 1170 (1944)] and *Silk [United States v Silk,* 331 US 704; 67 S Ct 1463; 91 L Ed 1757 (1947)] cases, is to say that, just as the 'servant' concept was tailored to fit a particular purpose—the definition of the scope of a master's vicarious tort liability—so the term 'employee' when used in social and labor legislation should be interpreted in the light of the purpose of the legislation. * * * if the evil aimed at by the legislation is insecurity confronting workers who may undergo temporary unemployment, the term 'employee' should include workers who, as a matter of economic reality, are subject to that hazard."

The workmen's compensation law is a remedial statute enacted primarily for the benefit of the man who works in the pursuits subject to its

provisions. *Lahti v Fosterling,* 357 Mich 578, 579; 99 NW2d 490 (1959). And the act, being remedial, should receive a liberal construction in favor of injured employees. *Century Indemnity Co v Schmick,* 351 Mich 622, 626; 88 NW2d 622 (1958). Pursuant to the principle of liberal construction, I would hold that the decedent was an employee within the meaning of the act.

In *Tata v Muskovitz,* 354 Mich 695; 94 NW2d 71 (1959), defendant, a plumbing concern that received a job to clear out some sewers, asked Tata to perform the work for a lesser sum. While working on the job, Tata was told where to perform the job but was not supervised in the precise details of the work. Tata died when the trench in which he was working caved in on him. The question in *Tata* was whether decedent could be considered an employee of the defendant or merely an independent contractor. The Supreme Court affirmed an award of workmen's compensation benefits and in doing so adopted Justice SMITH's dissenting opinion in *Powell v Employment Security Commission,* 345 Mich 455, 462; 75 NW2d 874 (1956), as the proper guide to relevant interpretation of the workmen's compensation law.

It is my opinion that *Tata v Muskovitz, supra,* controls the facts in this case and that the appeal board erred in holding that the relationship of employer and employee did not exist between plaintiff's decedent and defendant Searls & White. In the case at bar, plaintiff's decedent was told where to perform the work but not supervised in the precise details of that work. Like Mr. Tata, Mr. White died while working on the job. Therefore, applying the *Tata* rationale, I would hold that an employer-employee relationship did exist between plaintiff's decedent and the defendant.

Consequently, plaintiff is entitled to workmen's compensation benefits.

In their opinion the majority applied seven factors of the so-called economic reality test to support their conclusion that plaintiff was not entitled to benefits. However, the majority ignored the eighth factor listed in *McKissic v Bodine,* 42 Mich App 203, 209; 201 NW2d 333 (1972), namely that "weight should be given to those factors which will most favorably effectuate the objectives of the statute". Keeping in mind the fact that the workmen's compensation statute should be liberally construed in favor of injured employees, I would hold that decedent was an employee within the meaning of the Workmen's Compensation Act. Accordingly, I would also hold that plaintiff is entitled to workmen's compensation benefits.