GEORGE F. TOWNSEND, APPELLANT, V. ALBERT LOEFFELBEIN ET AL., APPELLEES.

FILED OCTOBER 7, 1932. No. 28430.

*Harry Grimminger, Lloyd W. Kelly, Arthur E. Perry* and *Perry, Van Pelt & Marti,* for appellant.

*Kennedy, Holland & De Lacy* and *Prince & Prince,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. George F. Townsend, employee, plaintiff, was a mechanic in the garage of his employer, the Ideal Gar-

age, defendant, at Grand Island, and while there engaged in the duties of his employment March 12, 1930, he inhaled vapors from a gasoline spraying machine operated by other employees. He was ill later the same day, left the garage during working hours and was taken to a hospital March 14, 1930, with pneumonia. He attributed pneumonia to the vapors from the spraying machine and presented to the compensation commissioner a claim for compensation, which was allowed. Defendant appealed to the district court for Hall county. Upon a trial there the proceeding was dismissed. Plaintiff appealed.

Did plaintiff prove by a preponderance of the evidence that the gasoline spray from the spraying machine caused pneumonia? This is the determining question on appeal. On the affirmative, attention is directed to testimony tending to prove that plaintiff went to work in good health at 8 o'clock in the morning March 12, 1930; that in the afternoon between 3:30 and 4:30, while he was repairing a used car in a room about 40 by 40 feet, two other employees, eight or ten feet away in the same room, cleaned a motor with the spraying machine and with the latter threw gasoline vapor where plaintiff inhaled it; that almost immediately he became sick and dizzy and left the garage; that the odor of gasoline on him was noticeable at his boarding house where he called later the same afternoon; that he was sick and did not eat supper; that from his room he was taken to the hospital with pneumonia March 14, 1930, where he remained until April 19, 1930. The physician who attended him testified in substance that pneumonia is a germ disease; that gasoline might produce a lung irritation; that anything that will produce a lung irritation will produce pneumonia; that all he wanted to tell the court was it was possible for the inhaling of gasoline to produce pneumonia and that it might have brought it on, but declined to say what did cause it.

A physician called by defendant expressed the opinion, in answer to hypothetical questions, that the inhaling of

the gasoline vapor did not cause the pneumonia. Other employees who used the spraying machine at close range were not injured by the fumes. Rules of law applicable to the present inquiry were recently stated as follows:

"The burden of proof is on the employee to prove by a preponderance of the evidence that personal injury was caused to the employee by an accident arising out of and in the course of his employment.

"Awards of compensation cannot be based upon possibilities or probabilities, but must be based on sufficient evidence showing that the claimant has incurred a disability arising out of and in the course of his employment." *Bartlett v. Eaton, ante,* p. 599.

Upon consideration of the evidence outlined herein and all other evidence in the record, the supreme court is unanimously of the opinion that plaintiff did not prove by a preponderance of the evidence that the inhaling of vapors from the spraying machine was the cause of the pneumonia which afflicted plaintiff.

AFFIRMED.