BEATRICE CREAMERY COMPANY ET AL., APPELLEES, V. MARTHA J. KIZER, APPELLANT.

FILED MAY 10, 1934. No. 28852.

*Loren H. Laughlin,* for appellant.

*Hall, Cline & Williams, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

EBERLY, J.

This is an action to recover compensation under the workmen's compensation act. It is based upon the claim that plaintiff's husband, an employee of the defendant company, sustained injuries in an accident occurring to him in the course of and growing out of his employment, and that disability and his death following were caused or contributed to by such injuries. The defendant and its insurance carrier contend that both disability and death ensuing were due solely to the disease of acute lymphatic leukemia. The trial in the district court resulted in a judgment denying plaintiff's claim and dismissing her action, and she appeals.

Workmen's compensation cases are now heard and de-

termined in the district court as causes in equity, and on appeal to the supreme court are considered *de novo*. Comp. St. 1929, sec. 48-137; *Travelers Ins. Co. v. Ohler,* 119 Neb. 121; *Herbert v. State,* 124 Neb. 312; *Mullen v. City of Hastings,* 125 Neb. 172.

In order that plaintiff may recover under the workmen's compensation law for accidental death of an employee, the burden of proof is upon her to show with reasonable certainty that the death of such employee was proximately caused by injuries resulting from an accident arising out of and in the course of his employment. *Omaha & C. B. Street R. Co. v. Johnson,* 109 Neb. 526.

But claimant's case may be established by circumstantial evidence, and is required to be proved only by a preponderance of the evidence. *Supica v. Armour & Co.,* 131 Kan. 756; *Ginsberg v. Burroughs Adding Machine Co.,* 204 Mich. 130; *Hogan v. Twin City Amusement Trust Estate,* 155 Minn. 199; *Flint v. City of Eldon,* 191 Ia. 845.

William R. Kizer, husband of plaintiff, at the time of his death was 59 years of age, and had been continuously in the employment of the Beatrice Creamery Company since October, 1905. He was a carpenter and general repair man by trade, and the shop in which he worked was located on the second story of the plant of the Beatrice Creamery Company in Lincoln, Nebraska. He was under the supervision of Ed Spirk, chief engineer of that company. Until December, 1930, his general health had been good. True, twenty years before his death he had had an attack of rheumatism which continued for about two months, during which time he took treatment for it at Excelsior Springs, Missouri, but from that disease he had completely recovered. However, he had developed varicose veins in both of his legs, which condition had prevailed for several years and was quite noticeable below the knees.

A chronology of the important developments immediately preceding the death of Mr. Kizer would embrace the following:

Some time in December, 1930, red spots appeared on both of his feet; they were also between the toes and some of the toes were swollen; they varied in size from a dime to a quarter; doctors were not consulted on this occasion, and the disorder was treated with home remedies. Some of these spots still were on his feet when his last illness commenced. It also appears that he complained prior to the commencement of his illness that he was suffering pain from the varicose veins in his legs, especially the left one. During the period from January 3 to 10, 1931, William Senne saw deceased sitting on a chair at the place of his employment with one of his shoes off and one sock off. Deceased showed Senne some red blotches between his toes and on top of his toes and instep; some of them were of the size of a dime, some smaller; and deceased complained of the foot hurting when he would go up town. About the same time deceased also complained to witness McIntyre that he was not feeling well. The accident occurred in the forenoon of January 12, 1931, and on the next day Mr. Kizer stated that he stepped backward and struck the calf of his leg against a motor sitting on the floor, which motor was not connected with power and not running. It was about a foot in height. The result claimed was a bruise on his left leg. On January 13, 1931, Mr. Kizer went to work, but was unable to continue and then returned home, and for the first time complained to his wife about the injury. On January 14 and 15, 1931, Mr. Kizer remained at home, unable to work. On January 16, 1931, Mr. Kizer went to the Lincoln Clinic for examination. An examination of his blood at this time disclosed a white cell count of 119,000 per cubic millimeter. (Normal count of adult is between 6,000 and 9,000.) Hemorrhagic bleeding appeared under the skin of the calf of the left leg. January 17, 1931, no change in his condition appeared. On January 19, 1931, hemorrhagic bleeding was discovered under the skin of the calf of the right leg, which had not been injured. On January 20,

1931, the red blotch or bruise on calf of the left leg was improved and "fading out," but the blotch and hemorrhagic bleeding on the right lower leg was worse and ultimately appeared to be in the same condition, so far as bleeding and discoloration were concerned, as the disabled left leg appeared to be at its worst. On January 27, 1931, Mr. Kizer was found in a condition of stupor, with partial paralysis. He was taken to the hospital. where he died on the same day. His blood count was made at the hospital before his death, and the white cell count was found to be over 400,000 per cubic millimeter. Blood slides were also made at the hospital before his death. After his death an autopsy was performed by these physicians in the presence of representatives of plaintiff. At the autopsy specimens of blood were taken and further blood slides made; sections of tissue from various parts of the body were taken and tissue section slides made; and all were developed in the approved routine manner.

From these various sources of information Doctors Covey, Reinhard, Welch, and Everett, who appeared as defendant's witnesses, testified positively that the death of deceased was caused by acute lymphatic leukemia. (Doctors Reinhard and Welch may also be classed as the attending physicians during the illness of deceased.)

Without setting forth the evidence of these witnesses at length, it may be said that it amply sustains the conclusion that there is no proof of any relationship whatever between the trauma and acute lymphatic leukemia of which deceased died; further, that medical authorities are unanimous in the opinion that there is no relationship between the two either in causing acute lymphatic leukemia or aggravating it, or in joining with an injury in any way whatsoever to produce death; in short, that the bruise on the calf of deceased's left leg, received on January 12, 1931, in no manner caused or contributed to the death of Mr. Kizer on January 27, 1931. Thus their evidence affirmatively establishes as a fact that the accident

38

of January 12, 1931, was not a proximate cause of the death of Mr. Kizer.

We have carefully considered the conflicting views of Dr. Smith, as introduced in evidence by the appellant, not only in connection with the views of opposing experts, but also in the light of the cogent facts and circumstances set forth in the record. This doctor's evidence was that of an expert only. He had personally never met, examined, nor treated the deceased. The ultimate cause of death, acute lymphatic leukemia, we find practically agreed to by all of the medical witnesses. They differ in fact only on the question of whether the trauma occasioned by the accident of January 12, 1931, was a contributing cause in the death that resulted on January 27 following. On this point Dr. Smith, in disagreement with the other expert witnesses, expresses the affirmative opinion. In view of all the facts and circumstances shown in the record, we are unable to accept this view.

We find that the plaintiff has failed to meet the burden of proof imposed upon her by the determining issues involved in this case. It follows that the judgment of the district court is right, and is

AFFIRMED.