CLAUDE HUSTON, APPELLANT, V. GAGE COUNTY ELECTRIC
COMPANY, APPELLEE.

279 N. W. 797

FILED MAY 27, 1938. No. 30367.

Frank A. Dutton, for appellant.

Jack, Vette & Lovewell, contra.

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER
and MESSMORE, JJ.

EBERLY, J.

This is an action for compensation benefits under the
Nebraska workmen's compensation act on account of per-
sonal injuries alleged to have been sustained by plaintiff
due to an accident, arising out of and in the course of his
employment by defendant on October 21, 1936. The trial
of the issues presented by the pleadings and the evidence
in the district court resulted in findings and judgment
against the plaintiff, and a dismissal of his action. From
the order of the trial court overruling his motion for a new
trial, he appeals.

Viewing the record presented as an entirety, the con-
trolling question is one of fact, which was clearly de-
termined against plaintiff.

The substance of the testimony given by plaintiff as to
the accidental infliction of the injuries of which he com-
plains is that on October 20 or 21, 1936, he was in the em-
ploy of defendant at Blue Springs, Gage county, Nebraska,
in the capacity of a common laborer; that he met with an
accident in the afternoon of the day, which occurred while
he was engaged in his work as an employee of defendant;
that under the direction of his foreman he was then climb-
ing a tree in an effort to oil a pulley located in the tree;
that the accident occurred when he took hold of a branch

of the tree which broke off, and due to this he had considerable difficulty to keep from falling out of the tree; that concurring with this he had a sensation of pain in the back of his shoulders, in the back of his neck, and down his spine, and felt ill. Plaintiff claims he wrenched and twisted his back in this accident. But he further testified that he came down from the tree by himself, and sat down on the ground and rested a while, and thereafter he continued work for the rest of the day. He also testified that the following day there was no further work to be done, because the job had been finished, and the work ceased, and all men were laid off. He testified that prior to the time of the incident above related he was a man capable of doing a day's work and weighed somewhere between 150 and 160 pounds; further, that subsequent to the 21st day of October, 1936, he had some pain, but regarded the accident as trivial, and that he was not disabled until December 1, 1936. He further testified that in May, 1937, he went to see Dr. Arthur L. Smith at Lincoln, Nebraska, and that this doctor treated him; that on May 8, 1937, on advice of his attorney, he served, for the first time, a notice on defendant informing it that he was claiming disability benefits under the workmen's compensation act. He also states that in the Spring and early Summer of 1937, on the advice of a physician consulted by him, he had his tonsils and teeth removed. At the time of the trial in the district court plaintiff testified that he was then under his normal weight but had gained over eight pounds since his teeth and tonsils had been removed, and then weighed 124½ pounds.

The record also affords evidence corroborating plaintiff as to the occurrence of the accident at the time and place stated, and establishing his excellent character as an industrious workman, possessing, prior to the accident, a strong, muscular physique.

Dr. Arthur L. Smith was the sole medical witness testifying in behalf of plaintiff. He had first been consulted by plaintiff in May, 1937. At that time he examined plaintiff and took X-ray pictures. He made subsequent exami-

nations, taking X-ray pictures on July 10 and December 18, 1937. These were introduced in evidence. Dr. Smith testified that it was his opinion that the plaintiff had sustained injury to the soft tissues of his neck and to the ligaments and muscles of the neck and upper dorsal region; that plaintiff appeared weak and emaciated, and to suffer from fear and nervousness; that at the time of the first examination by this witness plaintiff's heart was normal; lungs normal; arms normal; abdomen normal; genitalia normal; reflexes normal; legs normal; blood normal; Wasserman negative; and urine normal. He stated that the X-rays showed that plaintiff had arthritis in his spine, and that in his opinion this was caused by the accident of October, 1936, now in suit. He also testified that this arthritis was progressive, and that the last X-ray pictures showed it more developed than the first ones; that he based his diagnosis of arthritis upon the proliferation of bony tissues shown in the X-rays. However, Dr. Smith admitted that arthritis could be caused by infection, traumatism, or degeneration. He further testified that in his opinion plaintiff was totally disabled, but that treatments were necessary and they would relieve the pain; further, that plaintiff had a chronic bronchitis, but this could not be attributed to the accident.

As to the cause of the arthritic condition, Dr. Smith, on cross-examination, testified, viz.:

"Q. Arthritis itself can be caused by infection, can it not? A. Yes, sir. Q. By infection, degeneration or traumatism, I think you said? A. Yes, sir; or a combination of those. Q. If it were not for your history of this accident and of the patient's complaints and the history given you, would you be able to tell what kind of arthritis this was? A. That is what I must depend on, that he was normal before, that he had an accident and within a reasonable time afterwards an arthritis developed. Q. But such a condition as you find by your X-rays could be caused by infection? A. Yes, sir. Q. Or by degeneration? A. No, sir. Q. Not by degeneration? A. No, sir; it is a different type.

Q. But it could be caused by infection? A. Yes, sir. Q. That would appear in the X-ray as the same? A. yes, sir."

Opposed to the foregoing is the testimony of Dr. W. T. Wildhaber of Beatrice, Nebraska, a physician consulted by plaintiff on March 14, 1937. This doctor's examination disclosed that the tonsils were cryptic and jagged; that nutrition was poor, and that the teeth and gums showed infection. No claim of the occurrence of an accident was made at this time by plaintiff, and the examination disclosed no evidence of injury caused by an accident. This physician removed plaintiff's tonsils on May 24, 1937. His opinion was that plaintiff was then suffering from rheumatism and infection of the tonsils and teeth, and a bronchial asthma.

Dr. J. R. Leibee, the local physician for the Eagles Lodge at Beatrice, testified that that organization provides benefits for disability arising out of an accident; that plaintiff, who appears to have been a member of that lodge, consulted him during the winter of 1936-1937, and filled out an application for the benefits, but made no claim of accident in said application, and stated to this doctor definitely that he had had no accident, and plaintiff was unable to get relief from the lodge because he did not show or claim to have had an accident.

Dr. W. W. Waddell of Beatrice, Nebraska, testified that he was consulted by plaintiff on his own behalf and not on behalf of defendant on January 12, 1937, and he made a complete examination; that as a result of such examination he made a diagnosis of myalgia, due to focal infection of teeth, tonsils and prostate; that he found pus about the teeth; that prostate on palpation was boggy, and found clumps of pus cells in the urine after palpation of the prostate; that plaintiff's tonsils were enlarged. There were no findings that in the opinion of this physician these conditions could have been caused by an accident. In this doctor's opinion the aching and soreness complained of by plaintiff were due to focal infection and not to an accident. On cross-examination he testified that pus from the teeth

could, and usually did, get into the blood stream by direct absorption; and further that the disability from which plaintiff was suffering at the time he examined him was caused by infection of one of the three sources of infection above referred to, or a combination thereof, and not by trauma.

Dr. W. A. Rush of Beatrice, Nebraska, testified that he had specialized in radiology (X-ray) for more than 15 years; that he took X-ray pictures of plaintiff's neck on July 15, 1937, at the request of defendant, and in those pictures he found absolutely no unusual pathology or any. indication of traumatic arthritis; that he made a careful study and examination of the X-ray pictures taken by plaintiff's medical witness, Dr. Smith, in May, July and December, 1937, which were introduced in evidence, and in his opinion there was no evidence of unusual pathology, and he found no progressiveness in the pictures of December over those formerly taken; that there was no evidence of injury disclosed by such pictures; that the calcium deposits testified to by Dr. Smith as being evidence of arthritis were not evidence of arthritis, and especially of traumatic arthritis, and that the same were very common in individuals of 36 years of age or more, and especially among laboring people.

Dr. H. R. Brown, a physician of Beatrice, Nebraska, made an examination of plaintiff at defendant's request on July 15, 1937. This was after plaintiff's tonsils had been removed and his teeth extracted. The substance of Dr. Brown's evidence is that he then diagnosed plaintiff's condition and symptoms as secondary to infection of the tonsils and the mouth, but he found nothing in any wise attributable to an accident in October of 1936; that plaintiff was then only partially disabled; that there was no evidence of trauma; that such disability as plaintiff was suffering from at the time of the examination was directly the result of the infection above referred to. Dr. Brown also testified positively that he regarded a trauma as neither a cause nor an accelerating agent in this case.

In consideration of the evidence in the record before us, we conclude that this is not the usual case of conflicting evidence. The compensation claimant has the burden of establishing that the injury complained of was caused by an accident arising out of and in the course of his employment. Plaintiff has wholly failed to carry this burden of proof. Rather, the conclusion from the entire record is that plaintiff's present disabilities in suit are due to infection caused by diseased tonsils and infected teeth, and these sources of his troubles are wholly unconnected with the accident of October 21, 1936.

We are quite committed to the doctrine that awards of compensation cannot be based upon possibilities or probabilities, but they must be based upon sufficient evidence showing that claimant has incurred a disability arising out of and in the course of his employment. *Bartlett v. Eaton,* 123 Neb. 599, 243 N. W. 772; *Price v. Burlington Refrigerator Express Co.,* 131 Neb. 657, 269 N. W. 425; *Townsend v. Loeffelbein,* 123 Neb. 791, 244 N. W. 418; *Saxton v. Sinclair Refining Co.,* 125 Neb. 468, 250 N. W. 655; *Beatrice Creamery Co. v. Kizer,* 127 Neb. 34, 254 N. W. 690.

Thus, the evidence in the present record fully justifies and supports the judgment of the district court, and it is

AFFIRMED.