MAX FEENEY, APPELLANT, V. CITY OF OMAHA, APPELLEE.
300 N. W. 571

FILED OCTOBER 24, 1941. No. 31269.

*Richard E. O'Brien* and *William H. Mecham,* for appellant.

*Harold C. Linahan, W. W. Wenstrand* and *Edward Sklenicka, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

Plaintiff sued to recover benefits under the workmen's compensation law. He prevailed in the compensation court. On appeal the district court denied an award. Plaintiff appeals here.

Plaintiff became an employee of the defendant city, in the fire department, in 1923, and continued in such employment until August 1, 1938, when, at his request, he was retired on a disability pension. At the time of his retirement and at the time of the trial below he was suffering from myocarditis and hypertrophy of the left ventricle of the heart.

Plaintiff seeks to recover compensation, claiming that his physical condition is the result, not of one, but of a series of injuries and exposures while he was in the defendant's employment. Several injuries to which he testified are removed by medical testimony as factors contributing to his disability and will not be recited here.

In January, 1930, while at a fire he was drenched with water, and ice froze on him. He was treated by a physician with a salve rubbed on the affected parts. Thereafter he felt cold temperatures more readily than before. He was not sick and lost no time as the result of the exposure. Shortly thereafter he had pains in the region of his heart, tired easily, contracted colds more easily, and did not have his former energy.

January 12, 1934, at a fire, in below zero temperature, he got wet, felt chilled and cold, went to bed, worked off and on, feeling "bum" until January 18, when he went home sick and remained on sick leave until February 19, 1934. His illness was described as pneumonia. March 15, 1934, he again got wet at a fire, suffered a recurrence of the pneumonia and was off duty from March 17 until April 24, 1934. The type, seriousness, duration and the extent of the involvement are not shown. Those facts can only be surmised from the length of his absence from duty. In May, 1934, an X-ray of his heart revealed the existence of his present ailment to a disabling extent. About this time plaintiff had his teeth pulled and his tonsils removed.

It is quite apparent that plaintiff's disability began as early as 1930 and became progressively worse through the following years. Plaintiff's expert witness indicates that

the myocarditis may have existed prior to 1930. The theory is that the pneumonia further weakened a diseased heart. Yet the medical testimony does not point with any certainty to that result. Plaintiff's doctor, who cared for him during his illness, testified that the hypertrophy which he found in May, 1934, could have been there to the same extent prior to the pneumonia; that "most any type of infective germ which is capable of attacking the respiratory system" may cause myocarditis. It may be caused by a strain or an exposure. The evidence of other physicians is to the same effect. It is also established by the record that plaintiff was advised of his condition in 1934 and considered it disabling at that time. Yet he made no claim for compensation; neither did he advise his employer of his condition, nor claim that it was caused by his pneumonia, nor that the pneumonia was caused by the exposure. In his history, when examined by the city physician in July, 1938, he made no mention of an illness with pneumonia. These contentions appear to have been first advanced with the inception of this litigation.

The form resolution of the city council, retiring plaintiff on a disability pension, recited that he had become permanently and totally disabled "as the result of injuries sustained at various times while in the line of duty." This resolution was not based upon any medical report that connects plaintiff's disability with his service injuries or exposures. The resolution is of no assistance in solving the problem here presented.

The plaintiff has the burden of establishing by a preponderance of the evidence that he has incurred a disability arising out of and in the course of his employment. This proof must be made by evidence leading either to the direct conclusion or to a legitimate inference that such is the fact. An award cannot be sustained if based upon possibilities, probabilities, conjectural or speculative evidence. *Bartlett v. Eaton,* 123 Neb. 599, 243 N. W. 772; *Saxton v. Sinclair Refining Co.,* 125 Neb. 468, 250 N. W. 655; *Dennehy v. Lincoln Steel Works,* 136 Neb. 269, 285 N. W.

590; *Wayne County v. Lessman,* 136 Neb. 311, 285 N. W. 579; *Lowder v. Standard Auto Parts Co.,* 136 Neb. 747, 287 N. W. 211. See, also, *Townsend v. Loeffelbein,* 123 Neb. 791, 244 N. W. 418.

Plaintiff has failed to meet the burden which the law places upon him as a condition to a recovery of compensation payments.

The judgment of the district court is

AFFIRMED.