JOSEPH F. KUCERA, APPELLANT, V. VILLAGE OF PRAGUE, APPELLEE.

3 N. W. (2d) 201

FILED MARCH 27, 1942. No. 31352.

*Joseph L. Pallat* and *Lawrence F. Welch,* for appellant.

*H. A. Bryant, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is an appeal in a workmen's compensation proceeding to secure a modification of a previous award made and entered in the Nebraska workmen's compensation court on September 19, 1938, in a case wherein Joseph F. Kucera

was plaintiff and the Village of Prague was defendant. In this cause it was duly adjudged and determined that on or about January 10, 1937, plaintiff was in the employ of the defendant village, as a light and water commissioner; and while so employed on that date, and while engaged in the performance of his duties as such employee, and in the course of the regular business of the defendant, plaintiff sustained personal injuries in an accident arising out of and in the course of his employment; that, while attempting to take a volt reading from a ladder, the ladder slipped and coming down from the ladder plaintiff came in contact with an electric wire containing 2,000 volts, knocking plaintiff to the ground, causing burns to both hands and injuring his neck; and that the nature and extent of these accidental injuries were such as to entitle plaintiff to the benefits as provided by the Nebraska workmen's compensation law. Further, as a result of these accidental injuries, plaintiff has been temporarily totally disabled from January 10, 1937, to and including the date of this hearing (September 19, 1938) and still continues to be temporarily totally disabled. Also, that plaintiff's wages at the date of accident were $23.08 each week and sufficient to entitle him to compensation payments at the rate of $15 a week. And it was therefore ordered, adjudged and decreed that the plaintiff have and recover of and from the defendant the sum of $15 each week from and after January 10, 1937, for a period not to exceed, however, 300 weeks, or until this award is modified as provided by law. No appeal was ever prosecuted from the judgment and no attempt was made to modify the same until in December, 1940, the Village of Prague filed in said cause in the Nebraska workmen's compensation court an application for modification of award because of decrease of incapacity, alleging substantially that plaintiff had fully recovered from the injury, if any, alleged to have been received by him on January 10, 1937; and that plaintiff now suffers no disability whatsoever by reason of such injuries, and that such award should be vacated and set aside. To this application plaintiff filed his

answer, taking issue with the allegations of defendant's application, and also his cross-petition alleging total permanent disability and that he has been totally and permanently disabled since January 10, 1937, and praying that the present award be in all things confirmed, and the court make further provisions for plaintiff on the basis of permanent total disability as by law provided, to be effective after expiration of the present award, and for other relief. On March 14, 1941, this cause came on for hearing before Charles E. Jackman, a judge of the workmen's compensation court, upon the several applications for modification of the award. Evidence was introduced and a hearing had, at the conclusion of which, by an order entered April 30, 1941, it was determined "that the plaintiff is totally and permanently disabled to perform the duties of his trade," and awarded $15 a week for the period of 300 weeks after such injury "as and for compensation for temporary total disability; and thereafter the sum of ten and no/100 ($10) Dollars each week, for the remainder of plaintiff's natural lifetime," and other relief. Thereupon the defendant waived rehearing and gave notice of appeal to the district court for Saunders county. On May 12, 1941, defendant filed in such district court its application for modification of award in writing, in substance as presented to the Nebraska workmen's compensation court. On July 19, 1941, plaintiff filed his answer thereto, taking issue with the allegations of defendant's application, together with his application for modification on the basis of total permanent disability. On September 25, 1941, after due hearing, a judgment was entered in such district court finding "that the total disability of the plaintiff, Joseph F. Kucera, brought about by said injury, has ceased and determined, and that he is now able to perform the duties of his trade, or of some useful and gainful occupation, and that said employee suffers now a partial disability only by reason of said injury," etc. The judgment entered on this finding by the district court embraced the following: "That the appellee, Joseph F. Kucera, shall have and recover of and from the appellant,

Village of Prague, Nebraska, the sum of Fifteen and No/100 ($15) Dollars each week for the remainder of three hundred weeks from and after the 10th day of January, 1937, and for which compensation payments have not been made, as and for compensation for partial disability because of said injuries and thereafter all liability of the Village of Prague Nebraska, to said employee shall cease and determine; that the penalty payments to said Joseph F. Kucera be, and the same hereby are, denied; that the Village of Prague pay to Doctor B. F. Ewing, Omaha, Nebraska, the sum of Two Hundred Fifty-four and 75/100 ($254.75) Dollars, medical expenses incurred in the treatment of said employee."

From this award made and entered in the district court, plaintiff Kucera appeals, and defendant village files a cross-appeal.

Thus, we have here presented under section 48-142, Comp. St. 1929, and determined in this proceeding in the district court: (1) An application by the defendant for modification of award because of alleged decrease of incapacity; (2) issues joined thereon by claimant, and also an application in the latter's behalf for a modification of award because of increase of his incapacity.

The determination made by the district court is challenged by appellant on the grounds: (1) That the district court erred in finding that the plaintiff is only partially disabled; (2) the trial court erred in not assessing the waiting time period penalty of 50 per cent., amounting to $362.50.

Such determination is also challeged by defendant, appellee, on the ground that the district court erred in requiring the payment of $15 a week for the remainder of the 300 weeks from the date of the injury.

In the light of the entire record presented on this appeal, we find the controlling principle to be: "Where any finding of fact, upon which the award of the district court in a workmen's compensation case depends, is not conclusively supported by the evidence, it is our duty on appeal to con-

sider the entire cause *de novo* upon the record." *Schmidt v. City of Lincoln*, 137 Neb. 546, 290 N. W. 250.

In the instant case both parties participate in this proceeding as petitioners for modification of the award as finally made by the district court. It follows that to the extent of this modification sought each is clearly within the terms of the rule: "Upon an application to modify an award under the workmen's compensation statutes, the burden of proof rests upon the petitioner to establish by a preponderance of the evidence that the disability has increased, decreased or terminated as alleged." *Metropolitan Dining Room v. Jensen*, 126 Neb. 765, 254 N. W. 405.

In the application of the foregoing rule, in *Huff v. Omaha Cold Storage Co.*, 136 Neb. 907, 287 N. W. 764, this court announced the conclusion: "Before recovery may be had for an increase of incapacity due solely to the injury, within the meaning of subdivision (b) sec. 48-142, Comp. St. 1929, as amended, the plaintiff must prove by a preponderance of the evidence that there now exists a material and substantial change for the worse in plaintiff's condition, a change in circumstances that justifies a modification, distinct and different from that for which an adjudication has been previously made."

Turning now to the evidence to be considered in the light of the doctrines of the foregoing cases, it is obvious that the occurrence of the serious accident which constitutes the source of plaintiff's claim cannot be questioned. It was determined originally by the Nebraska workmen's compensation court in an opinion unappealed from. From the evidence it appears that such accident included the fracture of the bones of plaintiff's neck and the subsequent ankylosing of the two vertebrae affected by the injury. Thus, the actual occurrence of the injuries involved is established objectively and beyond a reasonable doubt, but when we proceed to the question of the natural effect of these injuries so suffered and arising out of and in the course of his employment, we enter the field of sharply conflicting evidence. It would add nothing to the value of this opinion

to set forth the contradictory statements in the record. But, giving due consideration to each item of testimony introduced by the parties, we find that the petitioner, Village of Prague, in view of the burden of proof, has not established by a fair preponderance of all the evidence that the disability of Joseph F. Kucera, as found and determined by the Nebraska workmen's compensation court in its order and judgment of September 19, 1938, wherein it determined him to be temporarily totally disabled, has decreased or diminished since the making of the said original award; that, therefore, such disabilities continue and still exist, and claimant is entitled to the compensation originally awarded. It further appears from the record that the plaintiff Kucera has not established by a preponderance of the evidence that the disability resulting from the accident involved in this case and his incapacity resulting therefrom at the date of this hearing may properly be classed as total permanent disability. The order of the district court directing that defendant pay to Dr. B. F. Ewing, of Omaha, Nebraska, the sum of $254.75, is in all respects approved and incorporated in the judgment of this court. We find that in this proceeding, in view of the record presented, plaintiff Kucera is not entitled to assessment of penalties prayed for.

It is therefore ordered that the judgment of the district court for Saunders county entered on the 25th day of September, 1941, in this cause, and the order and judgment entered by the Nebraska workmen's compensation court on the 30th day of April, 1941, each be in all respects canceled, reversed, and set aside; further, that the award made and entered by the Nebraska workmen's compensation court on the 19th day of September, 1938, be reinstated, approved, and affirmed, and that plaintiff be entitled to have and recover the compensation therein provided. The costs of this action are to be taxed to the Village of Prague.

REVERSED.