MARGARET E. KAFFENBERGER, APPELLANT, V. R. F. IVERSON ET AL., APPELLEES.

5 N. W. (2d) 687

FILED OCTOBER 9, 1942. No. 31431.

*Lawrence F. Welch* and *Walter H. Smith*, for appellant.
*James F. Begley* and *W. A. Robertson*, contra.

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-MORE and YEAGER, JJ.

CARTER, J.

This is a suit to recover benefits claimed to be due for the death of plaintiff's husband under the workmen's compensation law. The trial court entered an order dismissing plaintiff's petition, and plaintiff appeals.

The record shows that defendants operate a garage in the city of Plattsmouth. On June 2, 1941, the basement of the garage was flooded, as a result of which several inches of mud were deposited on the basement floor. On June 9, 1941, and for two days thereafter, the deceased was employed by the defendants to help wash out the mud with a city fire hose. On June 19, 1941, deceased became ill, and on July 1, 1941, he died of pneumonia. It is alleged by plaintiff that deceased, while at work for defendants, breathed sewer gas in quantities sufficient to injure the mucous membranes of the lungs and bronchial tubes and thereby subjected the deceased to the influx of the pneumonia germs which caused his death.

There is evidence in the record by one Charles Forbes to the effect that he worked with the deceased in clearing defendants' basement and that he smelled sewer gas on several occasions when they were unblocking the sewers. Several other employees testified that they smelled no sewer gas while the work was being performed. It is clear from the record that six or seven inches of mud and water had to be removed. It is also established that the men engaged in the work became damp and wet at various times while the work was being done. The ventilation in the basement consisted of four open windows, other windows with panes broken out, several small ventilators and an open stairway to the floor above. There was no forced ventilation through the basement.

It is contended by the plaintiff that the escaping sewer gas in the poorly ventilated and damp basement room injured the mucous membranes of the lungs and bronchial tubes of the deceased, resulting in his death from pneumo-

nia, and that such injuries were the result of an accident within the purview of the compensation act. In view of the conclusion reached, we do not deem it necessary to decide whether the breathing of sewer gas as shown by plaintiff's evidence constitutes an accident as defined by the compensation law. We think the evidence will not sustain a finding that there was any sewer gas of harmful quantity in the basement, or, even if there was, that it in fact caused the pneumonia resulting in deceased's death.

In this respect the record shows that deceased had worked for the city of Plattsmouth from June 3 to June 7, inclusive, washing mud and cleaning the streets. From June 11 to June 14 he had performed some part-time yard work. On June 15 he rode more than 15 miles in an open truck to mow peas in a muddy field, returning the same way. He worked a day and a half unloading lumber on June 16 and 17. The medical evidence is in dispute as to the incubative period of the pneumonia germ, plaintiff's witness testifying that it was seven or eight days and defendants' witness saying that it was approximately three days. Plaintiff's medical witness testifies that the incubation period for lobar and bronchial pneumonia is much different, the period being much longer in the case of the bronchial type. There is no evidence in the record as to the type with which deceased was afflicted. One of the attending physicians testified that it was impossible to determine the type after treatments were commenced and that a determination was not previously made.

There is evidence that the conditions in the basement may have lessened the resistance and predisposed the deceased to the disease. No witness was willing to say that it did cause the disease. No other employee suffered injury from sewer gas or contracted pneumonia while working in the basement. One physician testified that in his opinion the pneumonia did not result from sewer gas. There was no evidence of sewer gas in such a quantity that injury could be reasonably inferred from its presence. In fact, the weight of the evidence is to the effect that there was no

sewer gas present at all. We think the trial court correctly determined, as did the workmen's compensation court, that plaintiff had failed to prove that the pneumonia was contracted while working in the basement of defendants' garage.

The burden of proof is on the claimant to establish by a preponderance of the evidence that there was an injury to the employee by an accident arising out of and in the course of the employment. Awards of compensation cannot be based upon possibilities or probabilities, but must be based upon sufficient evidence showing that the injury is compensable under the compensation law. We think the case falls within the reasoning announced in *Townsend v. Loeffelbein*, 123 Neb. 791, 244 N. W. 418, wherein a recovery was denied for injury caused by pneumonia alleged to have been caused by inhaling gasoline vapor from a spraying machine. In that case, as here, the evidence showed that anything that produces a lung irritation might result in pneumonia, but no witness was willing to say that it did cause it. Other cases stating principles of law controlling the result in this case are *Lang v. Gage County Electric Co.*, 133 Neb. 388, 275 N. W. 462, and *Feeney v. City of Omaha*, 140 Neb. 497, 300 N. W. 571.

Upon consideration of the evidence in the record, we are of the opinion that plaintiff did not prove by a preponderance of the evidence that the inhaling of sewer gas was the cause of the pneumonia which afflicted the deceased.

AFFIRMED.

SIMMONS, C. J., not participating.