HAROLD W. CHAMBERS, APPELLANT, V. BILHORN, BOWER & PETERS, INC., ET AL., APPELLEES.

16 N. W. 2d 173

FILED NOVEMBER 3, 1944. No. 31784.

Lloyd E. Peterson and Betty Jean Peterson, for appellant.

G. H. Seig, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This appeal involves a claim for workmen's compensation based upon the contention that a hydrocele on the left side was caused by an infected injury to the lower right leg. The matter was heard before a judge of the compensation court, the compensation court, and the district court, resulting in a dismissal in each instance. We affirm the judgment of the trial court.

On September 8, 1939, the plaintiff in the course of his employment by the defendant, Bilhorn, Bower & Peters, Inc., was struck on the right leg below the knee by a heavy iron beam. He was given first aid and continued working. Some days later his leg became infected and on September 18 he was sent to the doctor. He at that time had an infected area an inch to an inch and a half wide and three inches long. He went to bed for a week, was off work for two weeks, when he returned to work, and so far as the infected leg was concerned was thereafter able to work.

The infected leg did not heal and treatment continued. It did not respond to treatment until sulphanilamide was given internally, when the infection cleared about four months after the injury occurred. The last charge of the doctor for treatment to the leg was made on January 13, 1940. The insurance carrier paid compensation for two weeks and paid the doctor bill on February 2, 1940.

On January 7, 1941, plaintiff filed his petition in the compensation court claiming that as a result of the accident he had developed a hydrocele on the left side, permanent in character, and requiring additional medical and surgical treatment, and praying that he recover compensation.

Defendants answered admitting the employment, alleging payment of compensation for the leg injury, denying generally, pleading the bar of the statute of limitations, and alleging that if plaintiff had any further disability, it was

due to disease and not the result of accidental injury while employed by the defendant.

A hearing was had before one judge of the compensation court who, on July 9, 1941, dismissed the plaintiff's petition. Plaintiff refused to accept the award and, on his petition, a hearing was had before the compensation court. On June 9, 1942, the order of dismissal was affirmed by that tribunal. From that order, the plaintiff appealed to the district court, where the matter was submitted and determined on the record and the bill of exceptions from the compensation court. The district court dismissed the plaintiff's petition on September 26, 1942. A motion for a new trial was filed promptly. It was overruled on December 4, 1943. From that determination, an appeal has been taken to this court.

Plaintiff here contends that the compensation court considered "medical textbooks," which were not and are not in evidence; that the district court merely found that the record and evidence supported the findings of fact made by the compensation court, and hence did not consider the case *de novo;* and that the matter should be here considered *de novo* without regard to the findings of the compensation and district courts. Defendants contend that the findings are supported by the record; that no other findings could properly be made; and that the action is barred by the statute of limitations applicable to compensation cases, in that notice of the hydrocele was not given and claim for compensation made within the time fixed by law.

Without determining these questions, we go direct to the question of whether or not the evidence shows that the hydrocele on the left side resulted from the injury to the right leg and is compensable.

The rules of law applicable here are: "The burden of proof is upon the claimant in a compensation case to establish by a preponderance of the evidence that personal injury was sustained by the employee by an accident arising out of and in the course of his employment" and "A compensation award cannot be based on possibilities or

probabilities, but must be based on sufficient evidence that the claimant incurred a disability arising out of and in the course of his employment." *Zanski v. Yellow Cab & Baggage Co.*, 143 Neb. 340, 9 N. W. 2d 302.

Plaintiff testified that the hydrocele first appeared three days after he went to bed, which would be about two weeks after the accident; that he then called it to the doctor's attention; that the doctor first treated it from four to six weeks after it appeared; and that since that time, it has been drained once every six weeks to two months. He further testified that he had never had a venereal disease and no infection in his system, other than that of the leg injury.

Plaintiff's physician, a general practitioner, testified that plaintiff had a severe traumatic ulceration at the point of the bruise; that his leg was swollen to the groin; that there was a glandular involvement on both sides. He did not fix the date when the hydrocele appeared, but states that it "was probably developing" on September 21, 1939, but he was not sure it was a hydrocele for two or three weeks. Plaintiff's witness developed the theory that the accident caused the injury which was followed by the infection; that the infection spread to the groin, finally reaching the left testicle and settled there causing the hydrocele; and that he believed there was a direct causal connection between the wound and the hydrocele, although admitting that he had never read of, nor had he experienced, a similar result from such an infection.

The defendants offered as their expert witness a specialist engaged in both teaching and practice. He examined the plaintiff and testified as to his findings. He testified that an infection or trauma of the scrotum or contents or circulatory disturbances might cause an acute hydrocele, but that the cause of a chronic hydrocele is not known; that he had never heard of nor read of a chronic hydrocele being caused by a leg infection, such as the plaintiff had; that an infection from the right leg might "by a wild stretch of the imagination" involve the right testicle, but

he had never seen nor heard of such a case; and that had such a case occurred it would have been reported in the literature on the subject. He gave it as his opinion that the hydrocele was purely "coincidental," and that there was no connection between the accident and the hydrocele. In this connection, a letter from plaintiff's physician to defendant's attorney, dated May 2, 1941, contains this statement: "I remember telling you I had never read of nor experienced a similar *coincedence,* (sic) but I did tell you that I felt there was a connection between the two." (Emphasis supplied.)

The following facts must be considered in this connection. Plaintiff's physician, while having definite knowledge of the hydrocele a few weeks after the infection, made no mention of that fact in his reports to the insurance carrier submitted during the period of treatment for the leg. While he testified that he was treating the hydrocele, he made no charge for that treatment, as such, during the period from September 18, 1939, to January 13, 1940. His bill for services submitted to the carrier and paid by it on February 2, 1940, was for services to the infected leg. While he testified that he prescribed the use of a suspensory, the bill for drugs submitted to and paid by the carrier made no mention of that device. The doctor prepared a second statement for services from March 11, 1940, to May 31, 1941. The testimony shows that there was an aspiration performed on March 11, 1940, for which charge was made and described on the second statement as an "office call." The first entry on the charge account, which we find has reference to a hydrocele, was made on October 1, 1940. The defendants were not then notified of the disability, and so far as we can discover from this record, the defendants were not advised of the claim that the hydrocele resulted from the infection until this action was brought.

It further appears from the testimony of both doctors that the etiology of a chronic hydrocele, such as plaintiff has, is not known to the medical profession, and that there

are no cases in the medical books showing that a hydrocele has been caused by an infection such as plaintiff had. Injuries of this kind with resulting infections occur quite commonly to male members of the human family. If there was a cause and effect relationship between such an infection and the hydrocele, it seems to us that the medical profession would ere now have discovered that fact. The most that can be said for plaintiff's evidence is that it indicates that there might possibly be a connection between the two. That is not sufficient to sustain a recovery.

But plaintiff argues that it has long been the rule of this court that a liberal construction will be given to the workmen's compensation act, and that, liberally construed, this evidence is sufficient to sustain an award. The rule of liberal construction applies to the law, not to the evidence offered to support a claim. The rule does not dispense with the necessity that claimant prove his right to compensation within the rules heretofore set out, nor does it permit a court to award compensation where the requisite proof is lacking.

We are of the opinion that claimant has failed to prove a right to compensation. This makes it unnecessary to determine the other questions presented.

The judgment of the district court is affirmed.

AFFIRMED.