ALEX SCHWABAUER, APPELLEE, V. STATE OF NEBRASKA, DEPARTMENT OF CUSTODIAN, APPELLANT.

24 N.W. 2d 431

FILED OCTOBER 11, 1946. No. 32124.

*Walter R. Johnson, Attorney General, Carl H. Peterson,* and *H. Emerson Kokjer,* for appellant.

*Max Anderson,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action wherein the plaintiff and appellee seeks to recover benefits from the defendant and appellant under the Workmen's Compensation Act on account of accidental injuries claimed to have been sustained while plaintiff was in the employ of the defendant.

An award was made in favor of plaintiff in the workmen's compensation court. From the award the defendant appealed to the district court. A trial was had in the district court and the action of the compensation court was affirmed.

From the judgment of the district court the defendant has appealed to this court. The substantial grounds on which defendant seeks a reversal are that the findings of fact do not support the award.

The plaintiff contends as ground for recovery that on November 20, 1944, while in the employ of defendant he was engaged in cleaning windows in that portion of the State Capitol Building assigned to the Department of Agriculture and after he had finished cleaning a window he

stepped backward and fell to the floor. As a consequence of the fall he says that his head struck the floor and that on his head a large lump arose. After a short period of observation in a hospital for a condition probably growing out of the accident in question but having no connection with the disability involved in this action plaintiff returned to his work. He continued in the performance of his duties until December 17, 1944, when he became totally disabled. His disability was a pronounced difficulty of speech, a very marked weakness amounting to almost complete paralysis of the right arm and right leg without unconsciousness. The immediate cause was cerebral hemorrhage claimed to have come about in consequence of the accident.

In an action for recovery under the Workmen's Compensation Act the burden is on the plaintiff to establish by a preponderance of the evidence that he sustained a personal injury by an accident arising out of and in the course of his employment. Hassmann v. City of Bloomfield, 146 Neb. 608, 20 N. W. 2d 592.

An accident within the meaning of the Workmen's Compensation Act is an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. Section 48-151, R. S. 1943; Mook v. City of Lincoln, 143 Neb. 254, 9 N. W. 2d 184.

The record amply and adequately ·and in fact without evidentiary contradiction supports the contention of plaintiff that he was involved in an accident on the 20th day of November 1944. That he had a fall there can be no doubt. Plaintiff testified to the fact that he had a lump on his head in consequence of the fall. It is true that no one else appears to have noticed it but the evidence describing the surroundings and his position immediately after he fell strongly corroborate his statement. We do not mean to infer by this that plaintiff's statement in this regard would be unacceptable without corroboration.

The remaining question for determination here is that of whether or not the cerebral hemorrhage which was the immediate cause of the disability was caused and precipitated by the accident. On this question the opinions of three doctors have been submitted for consideration. The opinions of two support the contention of plaintiff and that of one is to the contrary.

The evidence of plaintiff which furnished a part of the foundation for the opinion of the doctors was that before the accident he was in good health except for a case of "flu" from which he had recovered; that at the time of the accident he was about 68 years of age; that after he left the hospital and returned to work, first his right arm got lame and the next day his right leg got lame and then from day to day they got worse. There was no pain. Then he lost his voice. He finally had to discontinue working entirely. He has been totally disabled for the performance of work ever since although there has been a marked improvement in his condition.

Other evidence on which the opinions of the doctors was based was examination, observation, and treatment by Dr. Clarence Emerson, who was the attending physician, and history given by plaintiff; examination by Dr. Earl V. Wiedman, a witness for plaintiff; and examination by Dr. J. S. Welch, a witness for defendant, and history given to him by plaintiff.

The record does not disclose the full history given to Dr. Emerson. It does disclose that on the day of the accident plaintiff related that he had the fall. He did not tell about the head injury until after he was compelled to quit work in consequence of what all doctors agree was a cerebral hemorrhage. Before he received the history of the head injury Dr. Emerson was of the opinion that the plaintiff had suffered a stroke of spontaneous apoplexy. After receiving this history he became convinced and gave it as his opinion that he had suffered a stroke of delayed traumatic apoplexy induced by the accident. He described it as a hemorrhage

following a head injury either minimal at first with increase over a period of days or a hemorrhage secondary to softening of the brain which takes place at the site of an injury to the cortex of the brain. He stated that such conditions arise in patients who have had previous vascular disease such as arteriosclerosis. He said that the onset in such cases may be gradual and may be apparent in days and again as far away as four weeks following the injury. He said plaintiff had arteriosclerosis.

Dr. Wiedman had the complete history of the case and of the accident. His examination disclosed a blood pressure of 184/90. He gave it as his opinion that plaintiff's condition resulted from cerebral hemorrhage. He gave it as his further opinion that the fall could have been and was a factor in producing the hemorrhage.

Dr. Welch had the same history as did Dr. Wiedman. His examination disclosed, among other things, arteriosclerosis in a fairly high degree, an undoubted insult or damage to the left cerebrum dating back to late November 1944 and a systolic pressure of 180 degrees. On this history and examination he concluded that plaintiff's cerebral hemorrhage was too far removed from the fall to have had any relation with it.

The defendant contends that on the proof the plaintiff has failed to sustain the burden of proving injury growing out of accident. It contends substantially that the evidence goes only to the extent of showing that there was a possibility or probability that the injury grew out of the accident. It contends that the proof offends against the well-recognized rule that workmen's compensation cannot be based on possibilities or probabilities, but must be based on sufficient evidence that the claimant incurred a disability arising out of and in the course of his employment. Kaffenberger v. Iverson, 142 Neb. 257, 5 N. W. 2d 687.

The rule is undoubtedly a salutary and sound one but a proper application of it will not defeat a recovery in this case. The rule means only that if full proof sustains only

a possibility or probability an award of compensation may not be based thereon.

If a claimant has adduced competent evidence having probative value which preponderantly convinces the trier or triers of the fact that claimant had an accident and incurred a disability arising out of and in the course of his employment, notwithstanding the trier or triers of the fact may recognize a possibility or even a probability that this was not true, an award of compensation thereon is proper and on appeal therefrom must be sustained.

In this case the evidence of Dr. Emerson and of Dr. Wiedman on this question was not speculative or conjectural. It was competent. It had probative value. The contrary evidence of Dr. Welch did not have the effect of rendering the evidence of Drs. Emerson and Wiedman speculative or conjectural, although conceivably the triers of the fact may have recognized a possibility or probability that a finding in favor of plaintiff would be wrong. If notwithstanding this possibility or probability they found that the evidence preponderated in favor of plaintiff their duty was to so find.

The workmen's compensation court did so find and on the record it is clear that the finding was made on and supported by competent evidence having probative value. An award was made thereon. The district court correctly sustained the finding and award.

The judgment of the district court is affirmed. Plaintiff is allowed $150 as an attorney's fee for service in presenting the appeal in this court.

AFFIRMED.