WILLIAM HEIDER, APPELLANT, v. DONALD L. STOUGHTON ET AL., APPELLEES.

35 N. W. 2d 814

Filed February 11, 1949. No. 32560.

*Gray & Brumbaugh,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda* and *Edwin Cassem,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This is a compensation case wherein one judge of the workmen's compensation court granted plaintiff an award against Donald L. Stoughton and William Lamphier, jointly and severally, for temporary total disability and total loss of sight in his right eye. However, the award dismissed the action as to Huntley Wrecking Company. That award, upon rehearing requested by plaintiff, was affirmed by the compensation court en banc, and, upon appeal therefrom by plaintiff, was affirmed by the district court. Plaintiff's motion for new trial was overruled, and he appealed to this court. Hereinafter, Donald L. Stoughton and William Lamphier will be designated as defendants, and Huntley Wrecking Company as the defendant.

The award against defendants is concededly not involved here in any manner. The sole question presented is whether or not the district court erred in affirming the final award of the compensation court en banc dismissing plaintiff's action as against the defendant, claimed by plaintiff to be also liable as employer, by virtue of section 48-116, R. S. 1943. We conclude that the judgment of the trial court should be affirmed.

In Hamilton v. Huebner, 146 Neb. 320, 19 N. W. 2d 552, 163 A. L. R. 1, it was held: "The statute requires that this court, where it is found that the findings of fact are not conclusively supported by the evidence as disclosed by the record, consider the cause here de novo upon the record." We so consider the case at bar.

In Hassmann v. City of Bloomfield, 146 Neb. 608, 20 N. W. 2d 592, it was said: "It has long been the policy of this court to give a liberal construction to the Work-

men's Compensation Act so that its beneficient purposes may not be thwarted by technical requirements of interpretation. * * * However, it must be remembered that the rule of liberal construction of the Workmen's Compensation Act applies to the law and not to the evidence offered to support a claim by virtue of the law."

In other words, the foregoing rule does not dispense with the necessity that claimant prove his right to compensation under the statute by a preponderance of the evidence, nor does it permit a court to award compensation where the requisite proof is lacking. Chambers v. Bilhorn, Bower & Peters, Inc., 145 Neb. 277, 16 N. W. 2d 173.

In the light of the foregoing, we have examined the record to determine whether or not plaintiff established by a preponderance of the evidence that the defendant was liable because it created and carried into operation a "scheme, artifice or device to enable * * * it to execute work without being responsible to the workmen" for compensation benefits, as provided in section 48-116, R. S. 1943. In doing so, we conclude that plaintiff failed to assume the burden imposed upon him.

As we view the record, the evidence sustained the following findings and conclusions: The defendant, among other things, was engaged in the retail of miscellaneous uncut salvage lumber at its yard in Omaha. Defendants were engaged in the purchase of such lumber, breaking and sawing same into cut fuel lengths, and thereafter selling it by truckload to their own customers. They had their own power saw, tools, truck, and employees for that purpose. Such employees were exclusively employed, controlled, directed, supervised, and paid by defendants.

By agreement, defendants purchased such uncut salvage lumber from the defendant, cut and loaded same in its yard, and paid the defendant one dollar per truckload therefor as it left the yard. Subsequently, such

cut fuel lumber was sold by defendants to householders at a substantial profit, all of which was received by and belonged exclusively to defendants. Plaintiff was one of defendants' employees, who, while reducing such lumber into cut fuel lengths for defendants, was struck in the eye by a piece of wood, causing temporary total disability and total loss of sight in his right eye.

The defendant had no authority, right, or power to control, direct, or supervise the business of defendants or the duties and work of their employees. It was not an employer contractually or otherwise in any sense of the term.

There was no competent evidence in the record which could sustain a finding that the defendant created or carried out any scheme, artifice, or device to enable it to execute work without being responsible to the workmen. Rather, the defendant was simply a bona fide vendor of merchandise to a bona fide vendee who paid the defendant therefor with no financial consideration whatever moving from defendant. True, the defendant got the lumber removed from its yard, but that result naturally would follow from every sale of merchandise, and thus would be of no controlling importance. It cannot be logically concluded that section 48-116, R. S. 1943, should have any application to the relation of a bona fide vendor and vendee.

Cases relied upon by plaintiff are not controlling here. They are clearly distinguishable not only upon the facts but also upon the law applicable thereto. Rather, the case at bar is controlled by such primary principles as those appearing in O'Brien v. Barnard, 145 Neb. 596, 17 N. W. 2d 611, and Pestlin v. Haxton Canning Co., 274 App. Div. 144, 80 N. Y. S. 2d 869, involving the relationship of a bona fide lessor and lessee, and Andrews v. Gross & Janes Tie Co., 211 Ark. 999, 204 S. W. 2d 783, involving the relationship of a bona fide vendor and vendee, as distinguished from the relationship of employer and employee. To discuss such authorities at

length would but unduly prolong this opinion.

For the reasons heretofore stated, we conclude that the judgment of the district court should be and hereby is affirmed.

AFFIRMED.